Richard G. Grant
Tex. Bar No. 08302650
CULHANE MEADOWS, PLLC
The Crescent, Suite 700
100 Crescent Court
Dallas, Texas 75201
Telephone: 214-210-2929
Email: rgrant@culhanemeadows.com

PROPOSED ATTORNEYS FOR
DEBTOR IN POSSESSION

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DIVINE DINING, LLC, | § | Case No. 18-32805-SGJ-11 |
| | § | Chapter 11 |
| Debtor | § | |
| | § | |

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL
ORDERS UNDER 11 U.S.C. §§ 105(A) AND 366 (I) PROHIBITING
UTILITY COMPANIES FROM ALTERING OR DISCONTINUING
SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II)
APPROVING UTILITY DEPOSIT AS ADEQUATE ASSURANCE OF
PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR
RESOLVING REQUESTS BY UTILITY COMPANIES FOR
ADDITIONAL ASSURANCE OF PAYMENT**

Divine Dining, LLC, as debtor in possession (the "**Debtor**"), file this *Debtor's*

*Emergency Motion for Interim and Final Orders Under 11 U.S.C. §§ 105(a) and 366 (I)*

*Prohibiting Utility Companies from Altering or Discontinuing Service On Account of Prepetition*

*Invoices, (II) Approving Utility Deposit as Adequate Assurance of Payment, and (III)*

*Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance*

*of Payment* (this "**Motion**") and respectfully states as follows:

## I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to

28 U.S.C. §§ 1408 and 1409.

## II.     GENERAL BACKGROUND

2.     The Debtor owns and operates a single "Taco Casa" franchise restaurant location

in Irving, Texas. Boasting that it's "still the same since 1972," the quick-service chain maintains

its positioning of freshness, serving classic Mexican dishes such as tacos and burritos, typically

for under $3.

3.     The Debtor leases the premises from Adelphi Group, Ltd. ("Landlord"). The

Debtor holds a franchise agreement with Roy Upshaw, Individually d/b/a Taco Casa

("Franchisor"). The Debtor has no known secured creditors and its cash is not subject to any lien.

The Debtor's creditors consist solely of the Landlord, Franchisor, employees, trade (food)

vendors, prepetition professionals, utilities and taxing authorities.

4.     The Debtor is owned by Jordan J. Johnson and Michael Mantas (the "Owners"),

each with an equal ownership interest. Due to conflicts among the Owners, the parties agreed to

the appointment of a receiver. Elizabeth C. Brandon, of the law firm of Barnes & Thornburg,

LLC, was appointed Receiver (the "Receiver") of the Debtor in Michael Mantas v. Jordan J.

Johnson, et al, Cause No. 18-03705/18-04074, (the "Receivership Action") in the 116th District

Court, Dallas County, Texas (the "Receivership Court").

5.     Although the Receiver attempted various forms of workout of the relationships of

the parties in the Receivership Action. All were ultimately unsuccessful due to the parties'

inability to reach a consensus on resolution. As a result, at the request of the Receiver, the

Receivership Court authorized the filing of a Chapter 11 bankruptcy by the Receiver on August 14, 2018.

6.　　To facilitate a further restructuring of the Debtor's business, on the date hereof (the "**Petition Date**"), the Debtor commenced this case under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). The Debtor, under the control of the Receiver, is operating its business and managing its properties as Debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case, and no committees have been appointed or designated

2.　　Additional information about the Debtor's business, capital structure, and the circumstances leading to the commencement of this Chapter 11 Case can be found in the *Declaration of Elizabeth Brandon, Receiver, in Support of the Debtor's Chapter 11 Petition and First Day Motions* (the "**Brandon Declaration**"), filed concurrently herewith.

### III.　　BACKGROUND SPECIFIC TO THE RELIEF REQUESTED

3.　　In the normal conduct of its business operations, the Debtor has relationships with utility companies and other providers (each a "**Utility Company**" and, collectively, the "**Utility Companies**") for the provision of electric, water, sewer, natural gas, trash removal, telephone, cellular telephone, internet services, and similar utility products and services (collectively, the "**Utility Services**") at its corporate headquarters as well as at its various lease locations. The Utility Companies include, without limitation, the entities set forth on the list attached hereto as **Exhibit A**.[1]

---

[1] While the Debtor has used its best efforts to list its Utility Companies in Exhibit A, the Debtor may have inadvertently omitted certain Utility Companies from Exhibit A. Accordingly, the Debtor requests that it be authorized, without further order of the Court, to amend Exhibit A to add any Utility Companies that were omitted therefrom and that the relief requested herein apply to all such entities added to Exhibit A. In addition, the Debtor reserves the right to argue that (a) any of the entities now or hereafter listed in Exhibit A is not a "utility" within the meaning of Bankruptcy

4. The average monthly amount owed to the Utility Companies in the aggregate is approximately $3,300. The Debtor owe certain amounts to Utility Companies as of the Petition Date for prepetition Utility Services. Due to the timing of the Petition Date in relationship to the Utility Companies' billing cycles, certain Utility Services have been invoiced but not yet paid and other Utility Services have been provided but not yet invoiced.

## IV. RELIEF REQUESTED

8. The Debtor respectfully requests, pursuant to Bankruptcy Code §§ 105(a) and 366, the entry of an interim order, attached hereto as **Exhibit B** (the "**Interim Order**"), and for such order to become a final order (the "**Final Order**") (i) prohibiting the Utility Companies from altering or discontinuing service on account of unpaid prepetition invoices, (ii) establishing the Procedures (as defined below) for resolving any disputes regarding requests for adequate assurance of payment, and (iii) scheduling a final hearing on this Motion (the "**Final Hearing**") within thirty (30) days of the Petition Date.

9. Uninterrupted Utility Services are essential to the continued operations of the Debtor's business. If the Utility Companies refuse or discontinue service, even for a brief period, the Debtor's business operations would be severely disrupted. If such disruption occurred, the impact on the Debtor's business and revenue would be extremely harmful and would jeopardize the Debtor's reorganization efforts. It is critical that Utility Services continue uninterrupted and that the relief in this Motion be granted.

7. By this Motion, the Debtor seeks to respect the protections conferred upon the Utility Companies by the Bankruptcy Code, while affording the Debtor an opportunity to provide

---

Code Section 366, and (b) any such entity is compelled by contractual obligation, state or local law, or otherwise, to continue to furnish services to the Debtor notwithstanding the filing of the Chapter 11 Case.

and negotiate adequate assurance without facing the threat of imminent termination of Utility Services. In particular, the Debtor request approval of certain procedures that balance the protections afforded the Utility Companies under Bankruptcy Code Section 366 and the Debtor's need for continuous and uninterrupted Utility Services.

### A. Proposed Adequate Assurance

11. The Debtor anticipates that the cash flow from its ongoing business operations will be sufficient to allow it to satisfy all administrative expenses, and the Debtor intends to pay all postpetition obligations owed to the Utility Companies in a timely manner.

12. Nevertheless, to provide additional adequate assurance of payment for future Utility Services, the Debtor will deposit with each of the Utility Companies, a sum equal to approximately fifty percent (50%) of the Debtor's estimated average monthly cost[2] of such Utility.

8. The Debtor further proposes that to the extent the Debtor become delinquent with respect to postpetition payment for Utility Services from a Utility Company, such Utility Company may file a notice of delinquency (a "**Delinquency Notice**") with the Court and serve such Delinquency Notice on (a) the Debtor, (b) counsel to the Debtor; (c) the official committee of unsecured creditors, if one is appointed, and (d) the United States Trustee for the Northern District of Texas (each, a "**Party in Interest**"). The Debtor propose that if such delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then, the Utility may apply the deposit toward the unpaid postpetition utilities and the Debtor shall replenish the deposit with the Utility.

---

[2] The estimated monthly cost is based on the Debtor's average utility spend from August 2017 to present.

9. The Debtor represents that the Utility Deposit, together with the Debtor's ability to pay for future Utility Services in the ordinary course of business, provides protection well in excess of that required to grant adequate assurance to the Utility Companies.

## B. The Additional Adequate Assurance Procedures

10. Notwithstanding the foregoing proposed adequate assurance, the Debtor anticipates that certain Utility Companies may not find the Deposit together with the Debtor's ability to pay for future Utility Services in the ordinary course of business, "satisfactory" and, thus, may request additional adequate assurance of payment pursuant to Bankruptcy Code Section 366(c)(2). Accordingly, the Debtor propose the following procedures (the "**Procedures**") for the Utility Company to make additional requests for adequate assurance:

     a. If a Utility Company is not satisfied with the assurance of future payment provided by the Debtor, the Utility Company must file and serve an objection setting forth: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) the amount of any deposit(s) made by the Debtor prior to the Petition Date; (v) a summary of the Debtor's payment history in each account; and (vi) any argument as to why the Utility Company has not been provided adequate assurance of payment (an "Objection").

     b. The Court has scheduled a final hearing on the Motion on _____, 2018 at _____ __.m. (Central) (the "Hearing Date") for the purpose of considering any Objections;

     c. Any Objection by a Utility Company listed on Exhibit A to the Motion must be served upon, and actually received by the Parties in Interest, by no later than seven (7) days prior to the Hearing Date. The Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to the Hearing Date.

     d. Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Company, whether or not such Utility Company has filed an Objection, if the Debtor in its discretion determine that there is a reasonable basis for providing such additional adequate assurance.

     e. If the Debtor discover the existence of a Utility Company not listed on Exhibit A to the Motion, the Debtor shall, within two (2) business days after discovering the existence of such Utility Company, (i) file a supplement to Exhibit A to the Motion which supplement shall identify for each Utility Company the additional amount of the

adequate assurance deposit the Debtor propose to place in the Utility Deposit, and (ii) serve such Utility Company with notice of entry and a copy of this Interim Order.

f.      In the event that a Utility Company not listed on Exhibit A to the Motion objects to the Debtor's proposal to provide adequate assurance of payment, such Utility Company must file and serve on counsel for the Debtor an Objection within fourteen (14) days after the date upon which it receives notice of entry of the Interim Order. A hearing on such Objection will be set by the Court no sooner than seven (7) days after the date upon which such Objection has been filed.  The Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to such hearing date.

g.      All Utility Companies will be deemed to have received adequate assurance of payment in accordance with Bankruptcy Code Section 366, without the need for an additional deposit or other security, until this Court enters an order to the contrary. Any Utility Company that fails to make a timely Objection shall be deemed to be satisfied that the Utility Deposit provides adequate assurance of payment for future services within the meaning of Bankruptcy Code Section 366(c)(2).

11.      The Procedures provide a fair, reasonable, and orderly mechanism for the Utility Companies to seek additional adequate assurance, while temporarily maintaining the status quo for the benefit of all stakeholders.

## V.      BASIS FOR RELIEF REQUESTED

16.      Bankruptcy Code Section 366 provides that:

Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the Debtor solely on the basis of the commencement of a case under this title or that a debt owed by the Debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a).

12.      Congress intended Bankruptcy Code Section 366 to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the Debtor will pay for postpetition services. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; *see also Jones v. Boston Gas Co. (In re Jones)*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366

is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'") (quoting *Begley v. Phila. Elec. Co. (In re Begley)*, 760 F.2d 46, 49 (3d Cir. 1985)). The relief requested in this Motion is consistent with this policy.

13.     Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("**BAPCPA**"), courts, commentators, and legislative history had all confirmed that Bankruptcy Code Section 366 does not require, in every case, that the Debtor provide a deposit or other security to its utilities as adequate assurance of payment.  In *Virginia Electric & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646, 647 (2d. Cir. 1997), the United States Court of Appeals for the Second Circuit affirmed the bankruptcy court's ruling that the Debtor's prepetition payment history, its postpetition liquidity, and the administrative expenses afforded postpetition invoices constituted adequate assurance of future performance.  The court rejected the argument that Bankruptcy Code Section 366(b) nevertheless requires a "deposit or other security."

17.     A bankruptcy court's authority to "modify" the level of the "deposit or other security," provided for under Bankruptcy Code Section 366(b) includes the power to require no "deposit or other security" where none is necessary to provide a utility with "adequate assurance of payment." *Id*. at 650; *see also Shirey v. Phila. Elec. Co. (In re Shirey)*, 25 B.R. 247, 249 (Bankr E.D. Pa. 1982) ("[S]ection 366(b) . . . does not permit a utility to request adequate assurance of payment for continued service unless there has been a default by the Debtor on a prepetition debt owed for services rendered").

18.     In BAPCPA, Congress added Bankruptcy Code Section 366(c).  Bankruptcy Code Section 366(c) provides that in a Chapter 11 case, a utility company may alter, refuse, or

discontinue utility service if, within thirty (30) days after commencement of the Chapter 11 case, the utility company does not receive adequate assurance in a form "satisfactory" to the utility company, subject to the Court's ability to modify the amount of adequate assurance.  In making a determination of whether an assurance of payment is adequate, the Court may no longer consider (i) the absence of security before the petition date, (ii) the Debtor's history of timely payments or (iii) the availability of an administrative expense priority.

21.     While the form of adequate assurance may be limited under Bankruptcy Code Section 366(c), the amount of the deposit or other form of security remains fully within the reasonable discretion of the Bankruptcy Court, and Bankruptcy Code Section 366(c) does not require a guarantee of payment.  In *In re Adelphia Business Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D. N.Y. 2002), the Bankruptcy Court for the Southern District of New York stated that "[i]n determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for postpetition services."  The essence of the Court's inquiry is an examination of the totality of the circumstances in making an informed judgment as to whether utilities will be subject to an unreasonable risk of nonpayment.  *Id.* at 8283; *see In re Anchor Glass Container Corp.*, 342 B.R. 872, 875 (Bankr. M.D. Fla. 2005).

22.     The Utility Deposit provides the Utility Companies with ample adequate assurance of future payment under Bankruptcy Code Section 366(c).   In addition, the Debtor has significant incentives to stay current on its Utility Service obligations as they come due because of its reliance on the Utility Services for the operation of its business.  These factors, which the Court may—and should—consider when determining the amount of any adequate assurance provided, justify a

finding that the Utility Deposit is more than sufficient to assure the Utility Companies of future payments.

23. The relief requested in this Motion preserves the status quo and ensures continued Utility Services, while providing a prompt forum for the resolution of any dispute as to adequate assurance. Bankruptcy Code Section 105(a) authorizes the Bankruptcy court to enter "any order . . . that is necessary or appropriate to carry out the provisions of this title." Because the proposed Procedures protect the Debtor without materially prejudicing the Utility Companies, the Procedures are fully consistent with the requirements of Bankruptcy Code Section 366 and appropriate under Bankruptcy Code Section 105(a).

24. Courts in this and other jurisdictions have granted similar relief in Chapter 11 cases following the enactment of BAPCPA. *See In re Forest Park Medical Center at Southlake, LLC*, Case No. 16-40273 (RFN) (Bankr. N.D. Tex. Feb. 2, 2016) (approving adequate assurance in the form of a deposit equal to one-half the average monthly utility costs); *In re Spectrum Jungle Labs Corp.*, Case No. 09-50455 (RBK) (Bankr. W.D. Tex. Feb. 6, 2009) (approving adequate assurance in the form of a deposit equal to one-half the average monthly utility costs); *In re Lothian Oil, Inc.*, Case No. 07-70121 (RBK) (Bankr. W.D. Tex. June 15, 2007); (approving adequate assurance in the form of a two-week deposit to requesting utilities); *In re Superior Offshore Int'l, Inc.*, Case No. 08-32590 (WWS) (Bankr. S.D. Tex. May 20, 2008 (approving adequate assurance in the form of a postpetition security deposit equal to one-half of the average monthly utility bill). The present circumstances warrant similar relief in these Chapter 11 Cases.

## VI. REQUEST FOR WAIVER OF STAY

14. To the extent that the relief sought in this Motion constitutes a use of property under Bankruptcy Code Section 363(b), the Debtor seek a waiver of the fourteen-day stay under

Bankruptcy Rule 6004(h).  Further, to the extent applicable, the Debtor request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied.  As explained herein, the relief requested in this Motion is immediately necessary for the Debtor to be able to continue to operate its business and preserve the value of the estate.

## VII.    NOTICE

15.    27.    No trustee, examiner or creditors' committee has been appointed in these Chapter  11 Cases.  Notice of this Motion will be provided to the creditor matrix and the Utility Companies listed on Exhibit A.  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor respectfully submit that no further notice of this Motion is required.

WHEREFORE, the Debtor respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

RESPECTFULLY SUBMITTED August 28, 2018.

Dated: August 28, 2018    Respectfully Submitted,

            CULHANE MEADOWS, PLLC


            By:   /s/ Richard Grant
                Richard G. Grant
                Tex. Bar No. 08302650

            The Crescent, Suite 700
            100 Crescent Court
            Dallas, Texas 75201
            Telephone: 214-210-2929
            Email: rgrant@culhanemeadows.com

            ATTORNEYS FOR
            DEBTOR IN POSSESSION

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that he has transmitted a true and correct copy of the foregoing via the Court's Electronic Case Filing system to all persons participating therein on August 28, 2018.

             /s/ Richard Grant
            Richard G. Grant

EXHIBIT A
UTILITY COMPANIES

TXU Energy                                              Electricity
6555 Sierra Dr
Irving, TX 75039

Atmos Energy                                           Gas
PO Box 790311
St. Louis, MO 63179-0311

City of Irving                                         Water
PO Box 152288
Irving, TX 75015-2288

Spectrum                                               Internet/Telephone
PO Box 60074
City of Industry, CA 91716-0074

Protection 1                                           Security
PO Box 219044
Kansas City, MO 64121-9044

Moore Disposal                                         Waste
34811 LBJ #2110
Dallas, TX 75241

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DIVINE DINING, LLC, | § | Case No. 18-32805-SGJ-11 |
| | § | Chapter 11 |
| Debtor | § | |
| | § | |

**INTERIM ORDER UNDER 11 U.S.C. §§ 105(A) AND 366 (I)
PROHIBITING UTILITY COMPANIES FROM ALTERING OR
DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION
INVOICES, (II) APPROVING DEPOSIT AS ADEQUATE
ASSURANCE OF PAYMENT, AND (III) ESTABLISHING
PROCEDURES FOR  RESOLVING REQUESTS BY UTILITY
COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

On _____, 2018, the Court conducted a hearing to consider the Debtor's

Emergency Motion for Interim and Final Orders Under 11 U.S.C. §§ 105(a) and 366 (I)

Prohibiting Utility Companies From Altering or Discontinuing Service on Account of Prepetition

Invoices, (II) Approving Deposit as Adequate Assurance of Payment, and (III) Establishing

Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment

(the "Motion"), filed by the above-captioned Debtor (the "Debtor").  The Court finds that: (i) it

has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii)

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the

Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) due and proper

notice of the Motion has been provided to all parties in interest and the Utility Companies listed

on Exhibit A to the Motion; and it appearing that no other or further notice need be provided; and

(v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the

granting of the relief as set forth herein. Therefore, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      Except in accordance with the procedures set forth below, absent further order of

the Court, each Utility Company is prohibited from (a) altering, refusing, or discontinuing

service to, or discriminating against the Debtor solely on the basis of the commencement of the

Chapter 11 Cases or on account of any unpaid invoice for services provided before the Petition

Date and (b) requiring the payment of a deposit or other security in connection with the Utility

Companies' continued provision of Utility Services, other than as set forth herein.

3.      The Debtor is authorized to make a deposit with each Utility Company for the

purpose of providing the Utility Company adequate assurance of payment for postpetition Utility

Services provided to the Debtor an amount equal to fifty percent (50%)  of the Debtor's

estimated monthly cost of Utility Services, as determined by the Debtor, which the Debtor may

adjust to account for the termination of Utility Services by the Debtor or other arrangements with

respect to adequate assurance of payment reached with any Utility Company.

4.      To the extent the Debtor become delinquent with respect to a Utility Company's

account, such Utility Company shall file a Delinquency Notice with the Court and serve such

Delinquency Notice on (a) the Debtor, (b) counsel to the Debtor, (c) counsel to the official

committee of unsecured creditors, if one is appointed, (d) counsel for Adelphi Group, Ltd., the

landlord, and (e) the United States Trustee for the Northern District of Texas (each, a "Party in Interest"). If the Debtor has not cured such delinquency or no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Utility Company may apply the Deposit to the extent of the delinquency and the Debtor shall replenish the Deposit.

5.     The following procedures are hereby approved:

a.     If a Utility Company is not satisfied with the assurance of future payment provided by the Debtor, the Utility Company must file and serve an objection setting forth: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) the amount of any deposit(s) made by the Debtor prior to the Petition Date; (v) a summary of the Debtor's payment history in each account; and (vi) any argument as to why the Utility Company has not been provided adequate assurance of payment (an "Objection").

b.     The Court has scheduled a final hearing on the Motion on _____, 2018 at _____ __.m. (Central) (the "Hearing Date") for the purpose of considering any Objections;

c.     Any Objection by a Utility Company listed on Exhibit A to the Motion must be served upon, and actually received by the Parties in Interest, by no later than seven (7) days prior to the Hearing Date. The Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to the Hearing Date.

d.     Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Company, whether or not such Utility Company has filed an Objection, if the Debtor in its discretion determine that there is a reasonable basis for providing such additional adequate assurance.

e.     If the Debtor discover the existence of a Utility Company not listed on Exhibit A to the Motion, the Debtor shall, within two (2) business days after discovering the existence of such Utility Company, (i) file a supplement to Exhibit A to the Motion which supplement shall identify for each Utility Company the additional amount of the adequate assurance deposit the Debtor propose to place in the Utility Deposit, and (ii) serve such Utility Company with notice of entry and a copy of this Interim Order.

f.     In the event that a Utility Company not listed on Exhibit A to the Motion objects to the Debtor's proposal to provide adequate assurance of payment, such Utility Company must file and serve on counsel for the Debtor an Objection within fourteen (14) days after the date upon which it receives notice of entry of the Interim Order. A hearing on such Objection will be set by the Court no sooner than seven (7) days after the date upon

which such Objection has been filed.  The Debtor may file and serve a reply to any such Objection on or before the date that is two (2) days prior to such hearing date.

g.      All Utility Companies will be deemed to have received adequate assurance of payment in accordance with Bankruptcy Code Section 366, without the need for an additional deposit or other security, until this Court enters an order to the contrary. Any Utility Company that fails to make a timely Objection shall be deemed to be satisfied that the Utility Deposit provides adequate assurance of payment for future services within the meaning of Bankruptcy Code Section 366(c)(2).

6.      In the event that no timely Objections are filed, this Interim Order shall be deemed a Final Order and immediately effective as a Final Order, without further notice or hearing on the Motion.

7.      The Debtor shall serve this Interim Order upon each of the Utility Companies listed on Exhibit A to the Motion, at the addresses listed thereon, by first-class mail, postage prepaid, promptly after the entry of this Order.

8.      The inclusion or exclusion of any entity on or from Exhibit A to the Motion or on or from any amended Exhibit A shall not constitute an admission that such entity is or is not a "utility" within the meaning of Bankruptcy Code Section 366.  This Order specifically reserves the Debtor's rights to argue that (a) any of the entities listed on Exhibit A to the Motion or any amended Exhibit A is not a "utility" within the meaning of Bankruptcy Code Section 366, and (b) any such entity is compelled by contractual obligation, federal, state or local law, or otherwise, to continue to furnish services to the Debtor notwithstanding the Debtor's filing of the Chapter 11 Cases.

9.      Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by Bankruptcy Code Sections 362 and 365 or other applicable law, and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to Bankruptcy Code

Section 365. Nothing in this Order shall be deemed a waiver by the Debtor or any other party of any right with respect to the assumption or rejection of an executory contract.

10.     The Debtor is authorized to pay on a timely basis in accordance with its prepetition practices all undisputed invoices in respect of prepetition and postpetition Utility Services rendered by the Utility Companies to the Debtor.

11.     To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived.

12.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

13.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

/// END OF ORDER///

*Submitted by:*

Richard G. Grant
Tex. Bar No. 08302650
CULHANE MEADOWS, PLLC
The Crescent, Suite 700
100 Crescent Court
Dallas, Texas 75201
Telephone: 214-210-2929
Email: rgrant@culhanemeadows.com

PROPOSED ATTORNEYS FOR
DEBTORS IN POSSESSION