United States Department of Justice
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX   75242
(214) 767-1073
Stephen P. McKitt, Trial Attorney
Stephen.McKitt@usdoj.gov
Ohio Bar No. 96017

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Divine Dining, LLC | § | Case No. 18-32805-SGJ-11 |
| | § | |
| | § | |
| | § | |
| Debtor-in-Possession. | § | Hearing Date: To be set |
| | § | Hearing Time: To be set |

### United States Trustee's Motion to Appoint a Chapter 11 Trustee under 11 U.S.C. § 1112(b)

TO THE HONORABLE STACY G. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves this Court to Appoint a Chapter 11 Trustee under 11 U.S.C. §1112(b)(1).   In support of the Motion, the United States Trustee would respectfully show:

### Summary

The bankruptcy case of Debtor-in-Possession Divine Dining, LLC (the "Debtor") was commenced by its state court receiver. When the petition creating this case was filed, the receiver became a custodian under §543 of the Bankruptcy Code.   Section 543 prohibits a custodian from taking any further action after filing the petition, and requires that any estate property held by the custodian be delivered to the trustee.   The Court should appoint a trustee in this case because the

custodian\receiver is not empowered under the Bankruptcy Code to continue her control over the Debtor's assets. Furthermore, the appointment of a trustee would ensure that the Debtor is being controlled by an officer clearly authorized under the Bankruptcy Code.

**Jurisdiction**

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and the standing order of reference. A motion to appoint a chapter 11 trustee is a core matter. 28 U.S.C. § 157(b)(2)(A) and (O).

**Factual Background**

2. On August 27, 2018 Divine Dining, LLC filed a voluntary petition under chapter 11 of the Bankruptcy Code.

3. The petition was signed by the Debtor's state court receiver, Elizabeth Brandon (the "Receiver"). No schedules or statement of financial affairs have been filed in this case.

4. On April 10, 2018, the Receiver was appointed for Divine Dining, LLC pursuant to an Agreed Order Appointing Receiver in Case No. DC-18-03705, *Michael Mantas v. Jordan J. Johnson, et al* (the "state court case"). Judge Tonya Parker, of the 116th District Court of Dallas County, presided over the case.

5. On August 14, 2018, an order giving the Receiver the authority to file bankruptcy on behalf of the Divine Dining, LLC was entered in the state course case.

6. The order empowers the Receiver to " execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course of operation of the Company's business."

**Legal Analysis and Argument**

The Receiver's Role is Limited

7.      The Bankruptcy Code defines a "custodian" as a "receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title." 11 U.S.C. §101(11)(A); *see also Szwak v. Earwood (In re Bodenheimer, Jones, Szwak & Winchell L.L.P)*, 592 F.3d 664, 670 (5th Cir. 2009)(holding that upon the filing of the bankruptcy case, a receiver's "position and authority changes from state-law liquidator….to a federally superseded custodian of a bankruptcy estate").

8.      Once the bankruptcy case is commenced, a receiver becomes a custodian and "may not make any disbursement from, or take any action in the administration of, property of the debtor….except such as is necessary to preserve property of the estate." 11 U.S.C. § 543(a).

9.      Additionally, the receiver is required to deliver all property of the estate to the trustee. 11 U.S.C. § 543(b)(1).

10.     As of the petition date, the Receiver became a federally superseded custodian. As a result, the Receiver's role is statutorily limited to preserving property of the estate until it can be delivered to the trustee.

11.     When faced with this very same issue in *In re Roxwell Performance Drilling, LLC*, the Court explained that, "[t]he authority under chapter 11 to manage the debtor's assets and affairs lies exclusively with either the debtor as a debtor in possession or a chapter 11 trustee." 2013 WL 6799118, 4 (Bankr. N.D. Tex. 2013). In ruling that it was impermissible to allow a receiver to control a debtor in a chapter 11 case, the Court stated that it could not "discern how a blanket authorization of a receiver's possession of the debtor's assets and continued management of its affairs is not the functional equivalent of the appointment of a receive in the bankruptcy case, a result specifically proscribed by §105(b) of the Bankruptcy Code." *Id*. at 4. The Bankruptcy

Code simply does not allow a state court appointed receive to control a chapter 11 debtor-in-possession.

<u>Appointment of a Chapter 11 Trustee</u>

12.     The appointment of a chapter 11 trustee will ensure that the Debtor is controlled by a statutorily empowered person. This resolution "is in the interests of creditors." *11 U.S.C. §1104(a)(2).* The "interests of creditors" standard is flexible. *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 474 (3d Cir. 1998).

13.     Furthermore, the receiver's appointment cannot remove the Bankruptcy Court's obligation to establish proper fiduciary controls in accordance with the requirements of the Bankruptcy Code. The appointment of a chapter 11 trustee avoids standing and procedural issues. Additionally, appointing a chapter 11 trustee will also remove any doubt over the authority of the person administering the estate.

14.     Finally, the principals of the Debtor in this case relinquished control of the Debtor to the Receiver by an agreed order in the state course case. The fact that the principals of the Debtor have not been in control of the company for several months is another indication that the appointment of a chapter 11 trustee is warranted in this case.

## **Conclusion**

Cause exists for the appointment of a chapter 11 trustee in light of the limitations of the custodian to act as a fiduciary in a bankruptcy case and because the debtor cannot exercise the powers and perform the duties of a trustee as a debtor-in-possession. Appointing a chapter 11 trustee will serve the interests of creditors by ensuring that the fiduciary duties and powers of a trustee are exercised by an officer clearly empowered by the Bankruptcy Court.

Wherefore, the United States Trustee respectfully requests that the Court order the appointment of a Chapter 11 Trustee and grant the United States Trustee such other and further relief as is just and proper.

DATED: August 28, 2018

Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

*/s/ Stephen P. McKitt*
Stephen P. McKitt
Ohio State Bar No. 0096017
Stephen.McKitt@usdoj.gov
United States Department of Justice
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242

## CERTIFICATE OF SERVICE

I certify that I sent copy of the foregoing document via ECF or via first class United States mail on August 29, 2018 to the following:

**Divine Dining, LLC**
c/o Elizabeth Brandon, Receiver
2100 McKinney Avenue, Suite 1250
Dallas, TX 75201-6908

**Roy Upshaw**
Taco Casa
1218 E. California
Gainesville, TX 76240

**Richard G. Grant**
Culhane Meadows, PLLC
100 Crescent Court, Suite 700
Dallas, TX 75201
214-210-2929
214-224-0198 (fax)
rgrant@rgglaw.com

**Adelphi Group Ltd**.
7203 John W. Carpenter Freeway
Dallas, TX 75274