

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 31, 2018**

_____
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| DIVINE DINING, LLC, | § § | Case No. 18-32805-SGJ-11 |
| Debtor | § § § | Chapter 11 |

**ORDER (I) AUTHORIZING DEBTOR/RECEIVER TO PAY CERTAIN PREPETITION EMPLOYEE WAGES AND PAYROLL TAXES; AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS PURSUANT TO SECTIONS 105(A), 363(A), AND 507(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003 AND 6004**

Upon the Motion (the "**Motion**"),[1] of Divine Dining, LLC, as represented by the custodian Elizabeth C. Brandon, Receiver under the power authorized by the Court under 11

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. § 543(d) (the "**Debtor**"), for an order pursuant to section 105(a), 363(b) and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (i) authorizing, but not directing, the Debtor/Receiver to (a) pay, in its sole discretion, Employee Obligations and all costs incident to the foregoing, and (b) maintain and continue to honor its practices, programs, and policies in place for the Employees as they were in effect as of the Petition Date, as such may be modified, amended, or supplemented from time to time in the ordinary course of business, and (ii) authorizing the Banks (as defined below) to receive, honor, process, and pay all checks issued or to be issued and electronic funds transfers requested or to be requested related to such obligations, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Debtor's creditor matrix; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and having heard the arguments of counsel for the Office of the United States Trustee and Adelphi Group, Ltd., landlord; and upon the *Declaration of Elizabeth C. Brandon, Receiver, in Support of the Debtor's Chapter 11 Petitions and First Day Motions*, filed contemporaneously with the Motion, the record of the Final Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted below; and after due deliberation

and sufficient cause appearing therefor, and for the reasons set forth on the record, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Debtor/Receiver is authorized and directed to pay and remit in the ordinary course of business and in accordance with the Debtor's prepetition policies and programs, prepetition Employee Obligations totaling up to $15,000 for all employees nd all costs incident to the foregoing in accordance with the Debtor's customary policies, including, but not limited to, (i) Wage Obligations, and (ii) Payroll Taxes and Deductions, and fees related thereto in the ordinary course of business as they come due.

3. he Debtor/Receiver is authorized, but not required, to maintain and continue to honor on a postpetition basis its practices, programs and policies in place for the benefit of its Employees as were in effect as of the Petition Date, as such may be modified, amended, or supplemented from time to time in the ordinary course of business.

4. The Debtor/Receiver's banks and financial institutions (collectively, the "**Banks**") on which checks were drawn or electronic payment requests made in payment of the prepetition wage and payroll tax obligation approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, to the extent of available, cleared funds in such accounts, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as being approved by this Order. If any of the Banks honors a prepetition check or other item drawn on any account that is the subject of this Order, including the payment of Employee Obligations: (a) at the direction of the Debtor/Receiver to honor such prepetition check or item, (b) in good faith belief that this Court has authorized such prepetition

*Order Granting Debtor's Emergency Motion for Entry of an Administrative Order Under 11 U.S.C. §§ 105(a) and 331*
*Establishing Procedure for Monthly and Interim Compensation and*
*Reimbursement of Expenses for Professionals*                                                                                                      *Page 3*

check or item to be honored, or (c) as a result of an innocent mistake, such Banks shall not be deemed to be liable to the Debtor/Receiver or its estate or otherwise in violation of this Order.

5. The Banks are authorized to rely upon the representations of the Debtor/Receiver as to which checks and transfers to honor with respect to the payment of Employee Obligations.

6. The Banks are prohibited from placing any holds on, or attempting to reverse or otherwise interfere with, any checks or transfers to the Employees' accounts on account of the Employee Obligations and the costs and expenses incident thereto.

7. The Debtor/Receiver is authorized, but not directed, to issue new postpetition checks or effect new postpetition electronic funds transfers in replacement of any checks or transfer requests on account of the Employee Obligations dishonored or rejected as a result of the commencement of the Chapter 11 Case.

8. Nothing contained in this Order is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any party in interest's rights to dispute the amount of, basis for or validity of any claim of the Employees or Taxing Authorities under applicable nonbankruptcy law, (iii) a waiver of any claims or causes of action which may exist against any Employee or Taxing Authority or (iv) an assumption, adoption or rejection of any contract or lease between the Debtor/Receiver and any third party under section 365 of the Bankruptcy Code. The Debtor/Receiver expressly reserves its rights to contest any claim and any payment made pursuant to the Court's order granting this Motion is not intended and should not be construed as a waiver of the Debtor's rights to subsequently dispute such claim.

9. Notwithstanding any other provision of this Order, no payments to any individual Employee on account of prepetition wages, salaries, or commissions, including severance earned

by such individual Employee, shall exceed the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

13. The Debtor/Receiver is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

/// END OF ORDER///

*Submitted by:*

Richard G. Grant
Tex. Bar No. 08302650
CULHANE MEADOWS, PLLC
The Crescent, Suite 700
100 Crescent Court
Dallas, Texas 75201
Telephone: 214-210-2929
Email: rgrant@culhanemeadows.com

PROPOSED ATTORNEYS FOR
DEBTORS IN POSSESSION

*Order Granting Debtor's Emergency Motion for Entry of an Administrative Order Under 11 U.S.C. §§ 105(a) and 331*
*Establishing Procedure for Monthly and Interim Compensation and*
*Reimbursement of Expenses for Professionals*                                                                                                Page 5