Joe E. Marshall
Texas Bar No. 13031100
Marshall Law
3131 McKinney Ave., Suite 600
Dallas, Texas 75204
(214) 579-9173
jmarshall@marshalllaw.net

**PROPOSED ATTORNEY FOR JASON
RAE, CHAPTER 11 TRUSTEE**

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Case No.  18-32805-SGJ-11** |
| **DIVINE DINING, LLC,** | § | |
| | § | **Chapter 11** |
| **DEBTOR.** | § | |
| | § | |
| | § | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING SCHEDULES AND STATEMENTS

Jason Rae, the Chapter 11 Trustee ("**Trustee**") appointed in the above-captioned bankruptcy case ("**Bankruptcy Case**") for Divine Dining, LLC (the "**Debtor**") hereby files the attached Schedules of Assets and Liabilities (the "**Schedules**")[1] and Statement of Financial Affairs (the "**Statements**" and, collectively with the Schedules, the "**Schedules and Statements**"). These Global Notes (the "**Global Notes**") are intended to provide additional information regarding the reservations, limitations of and methodology used in the preparation of the Schedules and Statements and comprise an integral part of the Schedules and Statements and are incorporated herein for all purposes. The Global Notes should be referred to and considered in connection with any review of such Schedules and Statements.

1.     _Estimates and Assumptions_. The preparation of the Schedules and Statements requires the Trustee to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period.  Please be advised, however, that the Trustee has had only limited access to the operational and historical records for the Debtor and has been in a position of oversight for approximately thirty (30) days and cannot assure creditors and parties in interest as to the accuracy of the information contained therein.

2.     _Asset Values_. To date, the Trustee has not conducted an appraisal and/or audit of the

---

[1] The term "Schedules" includes: Schedules A/B, D, E/F, G, and H, along with the applicable summaries and all attachments appurtenant thereto.

assets. Therefore, some assets have been listed as having "unknown" or "unliquidated" values rather than values that may be otherwise incorrect or based on incomplete information. To the extent an asset is listed on the Schedules and described in the Statements, unless otherwise noted therein, such assets disclosed in the Schedules and Statements were included therein as a result of the books and records available to the Trustee to reflect the existence of such assets as of the Petition Date.

Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

3. <u>Unknown Claim Amounts</u>. Some of the scheduled liabilities may be unknown and unliquidated at this time. In such cases, the amounts may be listed as "Unknown" or "Unliquidated." Accordingly, the Schedules and the Statements may not accurately reflect the aggregate amount of the assets and liabilities.

4. <u>Prepetition v. Post-Petition</u>. The Trustee has sought to allocate liabilities between the pre-petition and post-petition periods based on the limited information available at the time of the preparation of these Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between pre- petition and post-petition periods may change.

5. <u>Causes of Action</u>. The Trustee reserve all of the estates' causes of action. Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such cause of action. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights in the Bankruptcy Case, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

6. <u>Insiders</u>. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, employees who are not directors or officers have not been included in this disclosure. Nothing contained in the Schedules and Statements is deemed to be an admission or legal conclusion as the comprehensive scope of the inclusion or exclusion of persons qualifying as "insiders" in terms of control of the Debtor, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. The Trustee reserves all rights to amend, supplement, revise the Schedules and Statements with regard to any matters concerning its "insiders," as such term is defined in the Bankruptcy Code and their progeny.

7. <u>Summary of Reporting Policies and Practices</u>. The following conventions were adopted by the Trustee in preparation of the Schedules and Statements:

     a.   <u>Book Value</u>. Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the assets/liabilities as listed in the available books and records.

b. <u>Disputed, Contingent and/or Unliquidated Claims</u>. Schedules D, E, and F permit the Trustee to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection.

c. <u>Claims</u>. The Schedules and Statements list creditors of the Debtor as of the Petition Date. The Court has authorized or may authorize the Trustee to, among other things, continue certain prepetition practices regarding some of those claims. Under this authority, the Receiver may have paid prepetition claims, including, without limitation, certain prepetition wages and employee compensation/benefits.

8. <u>Executory Contracts and Unexpired Leases</u>. For purposes of the Schedules and Statements, the Trustee has only scheduled claims and executory contracts for which the Debtor may be contractually and/or directly liable. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Trustee hereby reserves all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business. Such documents may not be set forth on Schedule G. In the ordinary course of business, Debtor may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Trustee reserves all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

9. <u>Reservation of Rights</u>. Reasonable efforts have been made to prepare and file complete and accurate Statements and Schedules; however, inadvertent errors or omissions may exist. The Trustee reserves all rights to (i) amend or supplement the Statements and Schedules from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Statements and Schedules with respect to a claim description or designation; (ii) dispute or otherwise assert offsets or defenses to any claim reflected in the Statements and Schedules as to amount, liability, priority, status or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Nothing contained in the Statements and Schedules shall constitute a waiver of rights with respect to this Bankruptcy Case, including, without limitation, issues involving claims, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Trustee shall not be required to

3

update the Statements and Schedules except as may be required by applicable law.

The Trustee does not guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and neither is liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communication or delivering the information therein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Trustee and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized.

10. **Setoffs**. Certain setoffs may occur or be required in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, pricing discrepancies, negotiations and/or disputes with customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business and can be particularly voluminous, making it unduly burdensome and costly for the Trustee to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Statements and Schedules.

### #END OF GLOBAL NOTES

**Fill in this information to identify the case and this filing:**

Debtor Name Divine Dining, LLC

United States Bankruptcy Court for the: Northern District of Texas

Case number (if known): 18-32805-SGJ11

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Schedules and Statements

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/03/2018
MM / DD / YYYY

✗ _____
Signature of individual signing on behalf of debtor

Jason A. Rae
Printed name

Trustee
Position or relationship to debtor

Fill in this information to indentify the case:

| | |
|---|---|
| Debtor Name | Divine Dining, LLC |
| United States Bankruptcy Court for the: | NORTHERN District of TEXAS |
| | (State) |
| Case number (If known): | 18-32805-sgj11 |

Check if this is an
amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

---

### Part 1: Summary of Assets

**1.** *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

1.a **Real property:**

Copy line 88 from *Schedule A/B* ......................................................................

$ _____ -

1.b **Total personal property:**

Copy line 91 from *Schedule A/B* ......................................................................

$ _____ 62,389.67

1.c **Total of all property:**

Copy line 92 from *Schedule A/B* ......................................................................

$ _____ 62,389.67

---

### Part 2: Summary of Liabilities

**2.** *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ...............................

$ _____ -

**3.** *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

3.a **Total claim amounts of priority unsecured claims:**

Copy the total claims from Part 1 from line 5a of *Schedule E/F* ...............................

$ _____ -

3.b **Total amount of claims of nonpriority amount of unsecured claims:**

Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .....................................

✚ $ _____ 534,290.88

**4. Total liabilities** ..............................................................................................

$ _____ 534,290.88

Fill in this information to indentify the case:

| | |
|---|---|
| Debtor Name | Divine Dining, LLC |
| United States Bankruptcy Court for the: | NORTHERN District of TEXAS (State) |
| Case number (If known): | 18-32805-sgj11 |

Check if this is an
amended filing

## Official Form 206A/B
## Schedule A/B: Assets — Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).*

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2. Cash on hand** | $ |

**3. Checking, savings, money market, or financial brokerage accounts *(Identify all)***

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | Chase Bank<br>Credit Card Receivables and Payroll | Checking - Operating | 5  6  5  1 | $                  - |
| 3.2. | Capital One Account<br>Cash Receipts/Operating | Checking - Operating | 2  1  5  6 | $          14,621.20 |
| 3.3. | Bank of the West | Checking | 8  7  0  4 | $             164.35 |

**4. Other cash equivalents *(Identify all)***

| | | |
|---|---|---|
| 4.1. | Cash held at store | $           2,500.00 |
| 4.2. | | $ |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.          $          17,285.55

## Part 2:    Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1. | Leasehold Security Deposit - Landlord | $          10,000.00 |
| 7.2. | Culhane Meadows, PLLC - Retainer | $          25,000.00 |

Debtor    Divine Dining, LLC      Case number *(if known)*   18-32805-sgj11
Name

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1. _____ $ _____

8.2. _____ $ _____

**9. Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.      $ _____ 35,000.00

---

**Part 3:**   **Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☒ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|

**11. Accounts receivable**

11a. 90 days old or less:    7104.12 ▬    0 ▬ ………… ➔   $ _____ 7,104.12
            face amount          doubtful or uncollectible accounts

11b. Over 90 days old:    _____ ▬    _____ ▬ ………… ➔   $ _____ -
            face amount          doubtful or uncollectible accounts

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.      $ _____ 7,104.12

---

**Part 4:**   **Investments**

**13. Does the debtor own any investments?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1. _____   _____   $ _____

14.2. _____   _____   $ _____

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:        % of ownership:

15.1. _____   _____%   $ _____

15.2. _____   _____%   $ _____

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1. _____   _____   $ _____

16.2. _____   _____   $ _____

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.      $ _____ -

Debtor    Divine Dining, LLC                                Case number (if known)    18-32805-sgj11
          Name

---

**Part 5:**    **Inventory, excluding agriculture assets**

18. Does the debtor own any inventory (excluding agriculture assets)?

    ☐ No. Go to Part 6.

    ☒ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| Inventory _____ | _____ MM / DD / YYYY | $ _____ - | | $ _____ 3,000.00 |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | | $ _____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | | $ _____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | | $ _____ |

23. Total of Part 5

    Add lines 19 through 22. Copy the total to line 84.                                    $ _____ 3,000.00

24. Is any of the property listed in Part 5 perishable?

    ☐ No

    ☒ Yes

25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?

    ☒ No

    ☐ Yes.  Book Value _____   Valuation Method _____   Current Value _____

26. Has any of the property listed in Part 5 been appraised by a professional within the last year?

    ☒ No

    ☐ Yes

---

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

    ☒ No. Go to Part 7.

    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $ _____ | | $ _____ |
| **29. Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | | $ _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | | $ _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | | $ _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | | $ _____ |

Debtor _____Divine Dining, LLC_____          Case number *(if known)*____18-32805-sgj11____
     Name

**33. Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.                                    $ _____ -

**34. Is the debtor a member of an agricultural cooperative?**

    No

    Yes. Is any of the debtor's property stored at the cooperative?

        No

        Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    No

    Yes.  Book Value  $ _____  Valuation Method _____  Current Value  $ _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

    No

    Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    No

    Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    No. Go to Part 8.

    ☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **40. Office fixtures** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $ _____ | _____ | $ _____ |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | | $ _____ |
| 42.2 _____ | $ _____ | | $ _____ |
| 42.3 _____ | $ _____ | | $ _____ |

**43. Total of Part 7.**

    Add lines 39 through 42. Copy the total to line 86.                                   $ _____ -

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

    ☒ No

    Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☒ No

    Yes

Debtor    Divine Dining, LLC                                    Case number *(if known)*    18-32805-sgj11
          Name

---

**Part 8:    Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |
| **49. Aircraft and accessories** | | | |
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| Restaurant furniture, fixtures and equipment | $ | | $                UNKNOWN |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.                                                    $ _____ -

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

No

Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

No

Yes

Debtor  Divine Dining, LLC
   Name

Case number *(if known)*  18-32805-sgj11

## Part 9: Real Property

**54. Does the debtor own or lease any real property?**

 ☐ No. Go to Part 10.

 ☒ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  Building Leashold Estate 1313 W. Airport Freeway, Irving, TX | Leasehold | $   - | | $   - |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$      -

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

 ☒ No

 ☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

 ☒ No

 ☐ Yes

## Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

 ☒ No. Go to Part 11.

 ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| **61. Internet domain names and websites** | $ | | $ |
| **62. Licenses, franchises, and royalties** Taco Casa Franchise Agreement dated October 4, 2011 | $ | | $   UNKNOWN |
| **63. Customer lists, mailing lists, or other compilations** | $ | | $ |
| **64. Other intangibles, or intellectual property** | $ | | $ |
| **65. Goodwill** | $ | | $ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$      -

Debtor    Divine Dining, LLC            Case number *(if known)* -sgj11

Name

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

       No

       Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

       No

       Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

       No

       Yes

**Part 11:**    **All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

     ☒   No. Go to Part 12.

     Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71. Notes receivable**

Description (include name of obligor)

_____    Total face amount    **–**   doubtful or uncollectible amount    **= →**    $ _____

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____    Tax Year _____    $ _____

_____    Tax Year _____    $ _____

_____    Tax Year _____    $ _____

**73. Interests in insurance policies or annuities**

_____    $ _____

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

Nature of Claim _____    $ _____

Amount requested   $ _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

Nature of Claim _____    $ _____

Amount requested   $ _____

**76. Trusts, equitable or future interests in property**

_____    $ _____

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____    $ _____

_____    $ _____

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.    $ _____ -

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

       No

       Yes

Debtor    Divine Dining, LLC                                                  Case number *(if known)* 05-sgj11
          Name

## Part 12:    Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 17,285.55 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 35,000.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 7,104.12 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ - | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 3,000.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ - | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ - | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ - | |
| 88. **Real property.** *Copy line 56, Part 9.* .......... ➡ | | $ - |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ - | |
| 90. **All other assets.** *Copy line 78, Part 11.* ✚ | $ - | |
| 91. **Total.** Add lines 80 through 90 for each column. ............. 91a. | $ 62,389.67 | ✚ 91b.   $ - |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ..................... | | $ 62,389.67 |

Fill in this information to indentify the case:

| | |
|---|---|
| Debtor Name | Divine Dining, LLC |
| United States Bankruptcy Court for the: | NORTHERN          District of     TEXAS |
| | (State) |
| Case number (If known): | 18-32805-sgj11 |

Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property          12/15
Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☒ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A*
Amount of claim
Do not deduct the value
of collateral.

*Column B*
Value of collateral
that supports this
claim

**2.1 Creditor's name**

Describe debtor's property that is subject to a lien

$ _____     $ _____

Creditor's mailing address

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?
  No
  Yes

Date debt was incurred

Is anyone else liable on this claim?
  No
  Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Last 4 digits of account
number      __ __ __ __

Do multiple creditors have an interest in the
same property?
  No
  Yes. Specify each creditor, including
  this creditor, and its relative priority.

As of the petition filing date, the claim is:
*Check all that apply.*
  Contingent
  Unliquidated
  Disputed

**2.2 Creditor's name**

Describe debtor's property that is subject to a lien

$ _____     $ _____

Creditor's mailing address

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?
  No
  Yes

Date debt was incurred

Is anyone else liable on this claim?
  No
  Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Last 4 digits of account
number      __ __ __ __

Do multiple creditors have an interest in the
same property?
  No
  Yes. Have you already specified the
  relative priority?
      No. Specify each creditor, including
      this creditor, and its relative priority.

As of the petition filing date, the claim is:
Check all that apply.
  Contingent
  Unliquidated
  Disputed

Yes. The relative priority of creditors
is specified on lines

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional
Page, if any.**

$ _____ -

Debtor _Divine Dining, LLC_____ Case number _(if known)_ 18-32805-sgj11_____
    Name

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |
| | Line 2. _____ | ____ ____ ____ ____ |

Fill in this information to indentify the case:

| | |
|---|---|
| Debtor Name | Divine Dining, LLC |
| United States Bankruptcy Court for the: | NORTHERN ___ District of ___ TEXAS |
| | (State) |
| Case number (If known): | 18-32805-sgj11 |

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:     List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☐ No. Go to Part 2.

☒ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|

| **2.1** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $ ___ UNKNOWN | $ ___ UNKNOWN |
|---|---|---|---|
| City of Irving Texas | ☒ Contingent | | |
| 825 W. Irving Boulevard | ☒ Unliquidated | | |
| | ☒ Disputed | | |
| Irving, TX 75060 | | | |
| Date or dates debt was incurred | Basis for the claim: | | |
| | Notice Only | | |
| Last 4 digits of account number ___ ___ ___ ___ | Is the claim subject to offset? No Yes | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (____) | | | |

| **2.2** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $ ___ UNKNOWN | $ ___ UNKNOWN |
|---|---|---|---|
| Dallas County Tax Office | ☒ Contingent | | |
| 500 Elm Street | ☒ Unliquidated | | |
| | ☒ Disputed | | |
| Dallas, TX 75202 | | | |
| Date or dates debt was incurred | Basis for the claim: | | |
| | Notice Only | | |
| Last 4 digits of account number ___ ___ ___ ___ | Is the claim subject to offset? No Yes | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (____) | | | |

| **2.3** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $ ___ UNKNOWN | $ ___ UNKNOWN |
|---|---|---|---|
| Internal Revenue Service | ☒ Contingent | | |
| Centralized Insolvency Operation | ☒ Unliquidated | | |
| PO Box 21126 | ☒ Disputed | | |
| Philadelphia, PA 19114-0326 | | | |
| Date or dates debt was incurred | Basis for the claim: | | |
| | Notice Only | | |
| Last 4 digits of account number ___ ___ ___ ___ | Is the claim subject to offset? No Yes | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (____) | | | |

Fill in this information to indentify the case:

| | |
|---|---|
| Debtor Name | Divine Dining, LLC |
| United States Bankruptcy Court for the: | NORTHERN District of TEXAS (State) |
| Case number (If known): | 18-32805-sgj11 |

☐ Check if this is an amended filing

---

**Part 1:**     **Additional Page**

---

**2.4**   **Priority creditor's name and mailing address**

Irving ISD Tax Office

2621 W. Airport Freeway

Irving, TX 75062

Date or dates debt was incurred

_____

Last 4 digits of account
number   ___ ___ ___ ___

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (_____)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

Basis for the claim:
Notice Only

Is the claim subject to offset?
  No
  Yes

$ _____ UNKNOWN   $ _____ UNKNOWN

---

**2.5**   **Priority creditor's name and mailing address**

Texas Comptroller of Public Accounts

PO Box 149348

Austin, TX 78714-9348

Date or dates debt was incurred

_____

Last 4 digits of account
number   ___ ___ ___ ___

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (_____)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

Basis for the claim:
Notice Only

Is the claim subject to offset?
  No
  Yes

$ _____ UNKNOWN   $ _____ UNKNOWN

---

**2.6**   **Priority creditor's name and mailing address**

Texas Workforce Commission

101 E. 15th Street, #446

Austin, TX 78701

Date or dates debt was incurred

_____

Last 4 digits of account
number   ___ ___ ___ ___

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (_____)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

Basis for the claim:
Notice Only

Is the claim subject to offset?
  No
  Yes

$ _____ UNKNOWN   $ _____ UNKNOWN

| Debtor | Divine Dining, LLC | Case number *(if known)* | 18-32805-sgj11 |
|--------|--------------------|--------------------------|----------------|
| | Name | | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|--|--|-----------------|

**3.1** | **Nonpriority creditor's name and mailing address**

ABC Lawn Care
997 Grandys Lane
Lewisville, TX 75077

Date or dates debt was incurred
Last 4 digits of account number ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
Basis for the claim: _____
Is the claim subject to offset?
☒ No
☐ Yes

$ 340.29

---

**3.2** | **Nonpriority creditor's name and mailing address**

Aramark Uniform Services
PO Box 731676
Dallas, TX 75373-1676

Date or dates debt was incurred
Last 4 digits of account number ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
Basis for the claim: _____
Is the claim subject to offset?
☒ No
☐ Yes

$ 336.21

---

**3.3** | **Nonpriority creditor's name and mailing address**

Adelphi Group Ltd.
7203 John W. Carpenter Freeway
Dallas, TX 75247

Date or dates debt was incurred
Last 4 digits of account number ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed
Basis for the claim: _____
Is the claim subject to offset?
☒ No
☐ Yes

$ 350,000.00

---

**3.4** | **Nonpriority creditor's name and mailing address**

Bassham Foods
5409 Hemphill St.
Fort Worth, TX 76115

Date or dates debt was incurred
Last 4 digits of account number ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
Basis for the claim: _____
Is the claim subject to offset?
☒ No
☐ Yes

$ -

---

**3.5** | **Nonpriority creditor's name and mailing address**

Cardona Foods Inc.
850 Meacham Blvd.
Fort Worth, TX 76106

Date or dates debt was incurred
Last 4 digits of account number ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
Basis for the claim: _____
Is the claim subject to offset?
☒ No
☐ Yes

$ 2,544.00

---

**3.6** | **Nonpriority creditor's name and mailing address**

Moore Disposal Inc.
34811 LBJ # 2110
Dallas, TX 75241

Date or dates debt was incurred
Last 4 digits of account number ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
Basis for the claim: _____
Is the claim subject to offset?
☒ No
☐ Yes

$ 530.25

| Debtor | Divine Dining, LLC | Case number *(if known)* | 18-32805-sgj11 |
|---|---|---|---|
| | Name | | |

## Part 2:   Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.7** Nonpriority creditor's name and mailing address

Roy Upshaw d/b/a Taco Casa
1218 E. California
Gainesville, TX  76240

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
x Unliquidated
x Disputed

Basis for the claim: _____

$ 180,000.00

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☒ No
   Yes

---

**3.8** Nonpriority creditor's name and mailing address

The Stanley Works
65 Scott Swamp Road Credit Department
Farmington, CT 06032

**As of the petition filing date, the claim is:**
*Check all that apply.*
  Contingent
  Unliquidated
  Disputed

Basis for the claim: _____

$ 540.13

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☒ No
   Yes

---

**3.9** Nonpriority creditor's name and mailing address

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

Basis for the claim: _____

_____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☒ No
   Yes

---

**3.10** Nonpriority creditor's name and mailing address

**As of the petition filing date, the claim is:**
*Check all that apply.*
  Contingent
  Unliquidated
  Disputed

Basis for the claim: _____

_____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☒ No
   Yes

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
  Contingent
  Unliquidated
  Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
   No
   Yes

Debtor _____Divine Dining, LLC_____         Case number *(if known)* _18-32805-sgj11_____
             Name

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name mailing and address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 Jeffrey W. Hurt, Esq.<br>Hurt & Berry LLP<br>15601 Dallas Pky, Suite 900<br>Addison, TX 75001 | Line ____3.3____<br><br>☐ Not listed. Explain _____ ___ ___ ___ ___ | |
| 4.2 Jordan Johnson<br>1602 Cypress Dr<br>Irving, TX 75061 | Line _____<br><br>☒ Not listed. Explain  50% Owner_____ ___ ___ ___ ___ | |
| 4.3 Michael Mantas<br>900 Dragon, #150<br>Dallas, TX 75207 | Line _____<br><br>☒ Not listed. Explain  50% Owner_____ ___ ___ ___ ___ | |
| 4.4 Michael P. Kelly<br>POB 150589<br>Dallas, TX 75315-0589 | Line _____<br><br>☒ Not listed. Explain  Atty for Michael Mantas__ ___ ___ ___ ___ | |
| 4.5 Michael P. Kelly<br>1412 Main Street<br>Suite 2200A<br>Dallas, TX 75202 | Line _____<br><br>☒ Not listed. Explain  Atty for Michael Mantas__ ___ ___ ___ ___ | |
| 4.6 Paul C. Laird, II<br>Paul Craig Laird Law Firm<br>800 W. Airport Freeway, Suite 800<br>LB 6015<br>Irving, TX 75062-6207 | Line _____<br><br>☒ Not listed. Explain  Atty for Jordan Johnson__ ___ ___ ___ ___ | |
| 4.7 Warren V. Norred/Clayton Everett<br>Norred Law, PLLC<br>515 East Border Street<br>Arlington, TX 76010 | Line ____3.7____<br><br>☐ Not listed. Explain _____ ___ ___ ___ ___ | |
| 4.8 | Line _____<br><br>☐ Not listed. Explain _____ ___ ___ ___ ___ | |
| 4.9 | Line _____<br><br>☐ Not listed. Explain _____ ___ ___ ___ ___<br><br>_____ | |
| 4.10 | Line _____<br><br>☐ Not listed. Explain _____ ___ ___ ___ ___<br><br>_____ | |
| 4.11 | Line _____<br><br>☐ Not listed. Explain _____ ___ ___ ___ ___<br><br>_____ | |
| 4.12 | Line _____<br><br>☐ Not listed. Explain _____ ___ ___ ___ ___<br><br>_____ | |

| Debtor | Divine Dining, LLC | Case number *(if known)* | 18-32805-sgj11 |
|---|---|---|---|
| | Name | | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

Total of claim amounts

| | | | |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | - |
| **5b. Total claims from Part 2** | 5b. ✚ | $ | 534,290.88 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 534,290.88 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor Name | DIVINE DINING, LLC |
| United States Bankruptcy Court for the: | NORTHERN District of TEXAS (State) |
| Case number (If known): | 18-32805-sgj11 |

Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B)

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest | Commercial Lease dated November 30, 2011 of property located at 1313 West Airport Freeway, Irving Dallas County, Texas; Lease Addendum dated April 17, 2012 |  |
| State the term remaining | 12 years |  |
| List the contract number of any government contract |  | Adelphi Group Ltd.<br>7203 John W. Carpenter Freeway, Dallas, TX 75247 |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest | Franchise Agreement dated October 4, 2011 expiring October 3, 2031 (20 years) |  |
| State the term remaining |  |  |
| List the contract number of any government contract |  | Roy Upshaw d/b/a Taco Casa<br>1218 E. California, Gainesville, TX 76240 |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest |  |  |
| State the term remaining |  |  |
| List the contract number of any government contract |  |  |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest |  |  |
| State the term remaining |  |  |
| List the contract number of any government contract |  |  |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest |  |  |
| State the term remaining |  |  |
| List the contract number of any government contract |  |  |

Fill in this information to indentify the case:

| | |
|---|---|
| Debtor Name | Divine Dining, LLC |
| United States Bankruptcy Court for the: | NORTHERN District of TEXAS (State) |
| Case number (If known): | 18-32805-sgj11 |

Check if this is an amended filing

**Official Form 206H**

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

---

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☒ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| **2.1** Jordan J. Johnson | POB 630186 — Street<br><br>Irving TX 75063<br>City State ZIP Code | Adelphi Group Ltd. | ☐ D<br>☒ E/F 3.3<br>☒ G 2.1 |
| **2.2** Jordan J. Johnson | POB 630186 — Street<br><br>Irving TX # 75063<br>City State ZIP Code | Roy Upshaw d/b/a Taco Casa | ☐ D<br>☒ E/F 3.7<br>☒ G 2.2 |
| **2.3** Michael Mantas | 5823 DeLoache — Street<br><br>Dallas TX 75225<br>City State ZIP Code | Adelphi Group Ltd. | ☐ D<br>☒ E/F 3.3<br>☒ G 2.1 |
| **2.4** Michael Mantas | 5823 DeLoache — Street<br><br>Dallas TX 75225<br>City State ZIP Code | Roy Upshaw d/b/a Taco Casa | ☐ D<br>☒ E/F 3.7<br>☒ G 2.2 |
| **2.5** | — Street<br><br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| **2.6** | — Street<br><br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |