Joe E. Marshall
Texas Bar No. 13031100
Marshall Law
3131 McKinney Ave., Suite 600
Dallas, Texas 75204
(214) 579-9173
jmarshall@marshalllaw.net

**PROPOSED ATTORNEY FOR JASON
RAE, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 18-32805-SGJ-11** |
| **DIVINE DINING, LLC,** | § | |
| | § | **Chapter 11** |
| **DEBTOR.** | § | |
| | § | |
| | § | |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
## METHODOLOGY, AND DISCLAIMER
## REGARDING SCHEDULES AND STATEMENTS

Jason Rae, the Chapter 11 Trustee ("**Trustee**") appointed in the above-captioned bankruptcy case ("**Bankruptcy Case**") for Divine Dining, LLC (the "**Debtor**") hereby files the attached Schedules of Assets and Liabilities (the "**Schedules**")[1] and Statement of Financial Affairs (the "**Statements**" and, collectively with the Schedules, the "**Schedules and Statements**"). These Global Notes (the "**Global Notes**") are intended to provide additional information regarding the reservations, limitations of and methodology used in the preparation of the Schedules and Statements and comprise an integral part of the Schedules and Statements and are incorporated herein for all purposes. The Global Notes should be referred to and considered in connection with any review of such Schedules and Statements.

     1.    Estimates and Assumptions. The preparation of the Schedules and Statements requires the Trustee to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period. Please be advised, however, that the Trustee has had only limited access to the operational and historical records for the Debtor and has been in a position of oversight for approximately thirty (30) days and cannot assure creditors and parties in interest as to the accuracy of the information contained therein.

     2.    Asset Values. To date, the Trustee has not conducted an appraisal and/or audit of the

---

[1] The term "Schedules" includes: Schedules A/B, D, E/F, G, and H, along with the applicable summaries and all attachments appurtenant thereto.

assets. Therefore, some assets have been listed as having "unknown" or "unliquidated" values rather than values that may be otherwise incorrect or based on incomplete information. To the extent an asset is listed on the Schedules and described in the Statements, unless otherwise noted therein, such assets disclosed in the Schedules and Statements were included therein as a result of the books and records available to the Trustee to reflect the existence of such assets as of the Petition Date.

Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

3.  <u>Unknown Claim Amounts</u>. Some of the scheduled liabilities may be  unknown and unliquidated at this time. In such cases, the amounts may be listed as "Unknown" or "Unliquidated." Accordingly, the Schedules and the Statements may not accurately reflect the aggregate amount of the assets and liabilities.

4.  <u>Prepetition v. Post-Petition</u>. The Trustee has sought  to allocate liabilities between the pre-petition and post-petition periods based on the limited information available at the time of the preparation of these Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between pre- petition and post-petition periods may change.

5.  <u>Causes of Action</u>. The Trustee reserve all of the estates' causes of action. Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such cause of action. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights in the Bankruptcy Case, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

6.  <u>Insiders</u>. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Further, employees who are not directors or officers have not been included in this disclosure. Nothing contained in the Schedules and Statements is deemed to be an admission or legal conclusion as the comprehensive scope of the inclusion or exclusion of persons qualifying as "insiders" in terms of control of the Debtor, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. The Trustee reserves all rights to amend, supplement, revise the Schedules and Statements with regard to any matters concerning its "insiders," as such term is defined in the Bankruptcy Code and their progeny.

7.  <u>Summary of Reporting Policies and Practices</u>. The following conventions were adopted by the Trustee in preparation of the Schedules and Statements:

a.  <u>Book Value</u>. Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the assets/liabilities as listed in the available books and  records.

2

b.  Disputed, Contingent and/or Unliquidated Claims. Schedules D, E, and F permit the Trustee to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection.

c.  Claims. The Schedules and Statements list creditors of the Debtor as of the Petition Date. The Court has authorized or may authorize the Trustee to, among other things, continue certain prepetition practices regarding some of those claims. Under this authority, the Receiver may have paid prepetition claims, including, without limitation, certain prepetition wages and employee compensation/benefits.

8.  Executory Contracts and Unexpired Leases. For purposes of the Schedules and Statements, the Trustee has only scheduled claims and executory contracts for which the Debtor may be contractually and/or directly liable. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Trustee hereby reserves all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business. Such documents may not be set forth on Schedule G. In the ordinary course of business, Debtor may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Trustee reserves all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

9.  Reservation of Rights. Reasonable efforts have been made to prepare and file complete and accurate Statements and Schedules; however, inadvertent errors or omissions may exist. The Trustee reserves all rights to (i) amend or supplement the Statements and Schedules from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Statements and Schedules with respect to a claim description or designation; (ii) dispute or otherwise assert offsets or defenses to any claim reflected in the Statements and Schedules as to amount, liability, priority, status or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Nothing contained in the Statements and Schedules shall constitute a waiver of rights with respect to this Bankruptcy Case, including, without limitation, issues involving claims, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Trustee shall not be required to

update the Statements and Schedules except as may be required by applicable law.

The Trustee does not guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and neither is liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communication or delivering the information therein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Trustee and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized.

10. **Setoffs.** Certain setoffs may occur or be required in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, pricing discrepancies, negotiations and/or disputes with customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business and can be particularly voluminous, making it unduly burdensome and costly for the Trustee to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Statements and Schedules.

**#END OF GLOBAL NOTES**

Fill in this information to indentify the case:

| | |
|---|---|
| Debtor Name | DIVINE DINING, LLC |
| United States Bankruptcy Court for the: | NORTHERN      District of   TEXAS |
| | (State) |
| Case number (If known): | 18-32805-sgj11 |

☐ Check if this is an
amended filing

Official Form 207

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**      12/15

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☐ No

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to  Filing date<br>     MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | _____ |
| **For prior year:** | From   1/1/2017   to   12/31/2017<br>     MM / DD / YYYY    MM / DD / YYYY | ☐ Operating a business<br>☑ Other   Food Sales | $      1,217,230.00 |
| **For the year before that:** | From   1/1/2016   to   12/31/2016<br>     MM / DD / YYYY    MM / DD / YYYY | ☐ Operating a business<br>☑ Other   Food Sales | $      1,374,625.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from
lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to  Filing date<br>     MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For prior year:** | From _____ to _____<br>     MM / DD / YYYY    MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For the year before that:** | From _____ to _____<br>     MM / DD / YYYY    MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

Debtor    Divine Dining, LLC         Case number *(if known)*    18-32805-sgj11
     Name

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1 | See Exhibit 3<br>Creditor's name<br><br>Street<br><br><br>City    State    ZIP Code | _____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2 | Creditor's name<br><br>Street<br><br><br>City    State    ZIP Code | _____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | Jaclyn C. Johnson<br>Insider's name<br><br>PO Box 630186<br>Street<br><br><br>Irving    TX    75063<br>City    State    ZIP Code | See Exhibit 4 | $ 49,170.27 | Wages (Net) |
| | **Relationship to debtor**<br>Wife of 50% Managing Partner, Jordan Johnson | | | |
| 4.2 | Insider's name<br><br>Street<br><br><br>City    State    ZIP Code | | $_____ | |
| | **Relationship to debtor** | | | |

Debtor Divine Dining, LLC        Case number *(if known)* ___18-32805-sgj11___
Name

## 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of Property |
|---|---|---|---|
| **5.1** _____<br>Creditor's name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code | _____<br><br>_____<br><br>_____ | _____ | $ _____ |
| **5.2** _____<br>Creditor's name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code | _____<br><br>_____<br><br>_____ | _____ | $ _____ |

## 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____<br>Creditor's name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code | _____<br><br>_____<br><br>Last 4 digits of account number: XXXX– __ __ __ __ | _____ | $ _____ |

---

**Part 3:**    Legal Actions or Assignments

## 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| **7.1** Adelphi Group Ltd. v. Divine Dining, LLC<br><br>**Case number**<br><br>Cause No. CC-18-01615-B | _____ | County Court at Law No. 2, Dallas County, Texas<br>Name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code | ☑ Pending<br><br>☐ On appeal<br><br>☐ Concluded |
| **7.2** Adelphi Group Ltd. v. Divine Dining, LLC<br><br>**Case number**<br><br>Cause No. CC-18-01836-C | _____ | County Court at Law No. 3, Dallas County, Texas<br>Name<br><br>_____<br>Street<br><br>_____<br>City   State   ZIP Code | ☑ Pending<br><br>☐ On appeal<br><br>☐ Concluded |

Debtor    Divine Dining, LLC
          Name                                                    Case number *(if known)*    18-32805-sgj11

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| **7.3** | Adelphi Group, Ltd. v. Divine Dining, LLC dba Taco Casa (this matter was appealed); | | 134th District Court, Dallas County, Texas<br>Name | ☑ Pending<br><br>☐ On appeal<br><br>☐ Concluded |
| | **Case number**<br><br>Cause No. DC-17-16235 | | Street<br><br><br>City          State          ZIP Code | |
| **7.4** | **Case title**<br>Adelphi Group, Ltd. v. Divine Dining, LLC dba Taco Casa (on appeal from 134th District Court, Trial Court Cause No. DC-17-16235) | **Nature of case** | **Court or agency's name and address**<br>Court of Appeals for the<br>Fifth District of Texas at Dallas<br>Name | **Status of case**<br>☑ Pending<br><br>☐ On appeal<br><br>☐ Concluded |
| | **Case number**<br><br>No. 05-18-00468-CV | | Street<br><br><br>City          State          ZIP Code | |
| **7.5** | **Case title**<br>Michael Mantas v. Jordan J. Johnson, Jackie Johnson, and Divine Dining, LLC d/b/a Taco Casa | **Nature of case** | **Court or agency's name and address**<br>116th District Court, Dallas County, Texas<br>Name | **Status of case**<br>☑ Pending<br><br>☐ On appeal<br><br>☐ Concluded |
| | **Case number**<br><br>Cause No. DC-18-03705 | | Street<br><br><br>City          State          ZIP Code | |
| **7.6** | **Case title**<br>Jordan Johnson v. Divine Dining, LLC and Michael Mantas aka Michail Mantas. This matter was consolidated into Cause No. DC-18-03705 | **Nature of case** | **Court or agency's name and address**<br>116th District Court, Dallas County, Texas<br>Name | **Status of case**<br>☐ Pending<br><br>☐ On appeal<br><br>☑ Concluded |
| | **Case number**<br><br>Cause No. DC-18-04074 | | Street<br><br><br>City          State          ZIP Code | |

| Debtor | Divine Dining, LLC | Case number (if known) | 18-32805-sgj11 |
|---|---|---|---|
| | Name | | |

### 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☐ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| Elizabeth Brandon, Receiver | All Assets of Divine Dining Bankruptcy Estate | $ Unknown |
| Custodian's name | | |
| 2100 McKinney Avenue, Suite 1250 | Case title | Court name and address |
| Street | | |
| | | Name |
| Dallas        TX        75201-6908 | Case number | Street |
| City        State        ZIP Code | | |
| | | City        State        ZIP Code |
| | Date of order or assignment | |

## Part 4:    Certain Gifts and Charitable Contributions

### 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | | | | $ |
| | Recipient's name | | | |
| | Street | | | |
| | City        State        ZIP Code | | | |
| | Recipient's relationship to debtor | | | |
| 9.2 | | | | $ |
| | Recipient's name | | | |
| | Street | | | |
| | City        State        ZIP Code | | | |
| | Recipient's relationship to debtor | | | |

## Part 5:    Certain Losses

### 10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | | |
| | | | $ |

| Debtor | Divine Dining, LLC | | Case number *(if known)* | 18-32805-sgj11 |
|--------|--------------------|--|--------------------------|----------------|
| | Name | | | |

---

**Part 6:** **Certain Payments or Transfers**

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|--|--------------------------------------------|------------------------------------------------|-------|----------------------|
| 11.1 | Barnes & Thornberg | Payments as Receiver pursuant to Court order | See Exhibit 3b | $ 60,480.99 |
| | **Address** | | | |
| | 2100 McKinney Ave. | | | |
| | Street | | | |
| | Dallas TX 75201-1803 | | | |
| | City State ZIP Code | | | |
| | **Email or website address** | | | |
| | www.btlaw.com | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|--|--------------------------------------------|------------------------------------------------|-------|----------------------|
| 11.2 | Culhane Meadows, PLLC | Attorney Fees | | $ 25,000.00 |
| | **Address** | | | |
| | 100 Crescent Court, Suite 700 | | | |
| | Street | | | |
| | Dallas TX 75201 | | | |
| | City State ZIP Code | | | |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|--|-------------------------|-----------------------------------|---------------------------|----------------------|
| | | | | $ |
| | **Trustee** | | | |
| | | | | |

| Debtor | Divine Dining, LLC | Case number *(if known)* | 18-32805-sgj11 |
|---|---|---|---|
| | Name | | |

### 13. Transfers not already listed on this statement

List any transfers of money or other property   by sale, trade, or any other means   made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| **13.1** _____ | _____ | _____ | $ _____ |
| **Address** _____ | _____ | | |
| Street | | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| **Relationship to debtor** | | | |
| _____ | | | |
| **Who received transfer?** | | | |
| **13.2** _____ | _____ | _____ | $ _____ |
| **Address** _____ | _____ | | |
| Street | | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| **Relationship to debtor** | | | |
| _____ | | | |

---

**Part 7:**    **Previous Locations**

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | | | Dates of occupancy |
|---|---|---|---|
| **14.1** _____ | | | From _____   To _____ |
| Street | | | |
| _____ | | | |
| City          State          ZIP CODE | | | |
| **14.2** _____ | | | From _____   To _____ |
| Street | | | |
| _____ | | | |
| City          State          ZIP CODE | | | |

Debtor    _Divine Dining, LLC_        Case number *(if known)*   18-32805-sgj11
     Name

| Part 8: | Health Care Bankruptcies |
| --- | --- |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |

**15.1**

| Facility Name | | |
| --- | --- | --- |
| Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | | *Check all that apply:* |
| | | ☐ Electronically |
| City    State    ZIP Code | | ☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |

**15.2**

| Facility Name | | |
| --- | --- | --- |
| Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | | *Check all that apply:* |
| | | ☐ Electronically |
| City    State    ZIP Code | | ☐ Paper |

| Part 9: | Personally Identifiable Information |
| --- | --- |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No.

☐ Yes.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
| --- | --- |
| | EIN: __ __ __ - __ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No.

☐ Yes.

| Debtor | Divine Dining, LLC | Case number *(if known)* | 18-32805-sgj11 |
|---|---|---|---|
| | Name | | |

---

**Part 10:**    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| **18.1** | Name _____ <br> Street _____ <br> _____ <br> City    State    ZIP Code | XXXX-__ __ __ __ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other _____ | _____ | $ _____ |
| **18.2** | Name _____ <br> Street _____ <br> _____ <br> City    State    ZIP Code | XXXX-__ __ __ __ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other _____ | _____ | $ _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name _____ <br> Street _____ <br> _____ <br> City    State    ZIP Code | _____ <br> Address _____ <br> _____ <br> _____ | _____ <br> _____ <br> _____ | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name _____ <br> Street _____ <br> _____ <br> City    State    ZIP Code | _____ <br> Address _____ <br> _____ <br> _____ | _____ <br> _____ <br> _____ | ☐ No <br> ☐ Yes |

Debtor    Divine Dining, LLC      Case number *(if known)*    18-32805-sgj11
     Name

---

**Part 11:**    **Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ _____ |
| _____ | _____ | _____ | |
| Name | | | |
| _____ | _____ | _____ | |
| Street | | | |
| _____ | _____ | _____ | |
| City    State    ZIP Code | | | |

---

**Part 12:**    **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | _____ | _____ | ☐ Pending |
| **Case number** | Name | | ☐ On appeal |
| | _____ | | ☐ Concluded |
| _____ | Street | | |
| | _____ | | |
| | City    State    ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Name | Name | | |
| _____ | _____ | _____ | |
| Street | Street | | |
| _____ | _____ | _____ | |
| City    State    ZIP Code | City    State    ZIP Code | | |

Debtor  Divine Dining, LLC
        Name                                              Case number (if known)  18-32805-sgj11

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State     ZIP Code | City          State     ZIP Code | | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1 | Name | | EIN: ___ ___ - ___ ___ ___ ___ ___ ___ ___ |
| | Street | | Dates business existed |
| | City          State     ZIP Code | | From _____ To _____ |
| | **Business name and address** | **Describe the nature of the business** | **Employer Identification number**<br>Do not include Social Security number or ITIN. |
| 25.2 | Name | | EIN: ___ ___ - ___ ___ ___ ___ ___ ___ ___ |
| | Street | | Dates business existed |
| | City          State     ZIP Code | | From _____ To _____ |
| | **Business name and address** | **Describe the nature of the business** | **Employer Identification number**<br>Do not include Social Security number or ITIN. |
| 25.3 | Name | | EIN: ___ ___ - ___ ___ ___ ___ ___ ___ ___ |
| | Street | | Dates business existed |
| | City          State     ZIP Code | | From _____ To _____ |

Debtor  Divine Dining, LLC                          Case number (if known)                                          18-32805-sgj11
        Name

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. Hodges & Company, LLC | Tax Returns 2016 & 2017 |
| Name | From _____ To _____ |
| 1118 Owenwood Dr. | |
| Street | |
| | |
| Irving                TX              75061 | |
| City                  State         ZIP Code | |

| Name and address | Dates of service |
|---|---|
| 26a.2. Elementary Business | During Receivership |
| Name | From _____ To _____ |
| 4725 Fox Sedge Lane | |
| Street | |
| | |
| Denton                TX              76208 | |
| City                  State         ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.    Elementary Business | Weekly bookkeeping and Forensic Analysis 2018 |
| Name | From _____ To _____ |
| | |
| Street | |
| | |
| | |
| City                  State         ZIP Code | |

| Name and address | Dates of service |
|---|---|
| 26b.2. | From _____ To _____ |
| Name | |
| | |
| Street | |
| | |
| | |
| City                  State         ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. | |
| Name | |
| | |
| Street | |
| | |
| | |
| City                  State         ZIP Code | |

Debtor  Divine Dining, LLC                                    Case number *(if known)*  18-32805-sgj11
　　　　Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

**26c.2.** _____          _____
　　　　Name

_____          _____
　　　　Street

_____          _____

_____          _____
　　　　City　　　　　　　　　　　State　　　　　ZIP Code

**26d.** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|

**26d.1.** _____
　　　　Name

_____
　　　　Street

_____

_____
　　　　City　　　　　　　　　　　State　　　　　ZIP Code

| Name and address |
|---|

**26d.2.** _____
　　　　Name

_____
　　　　Street

_____

_____
　　　　City　　　　　　　　　　　State　　　　　ZIP Code

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records |
|---|

**27.1.** _____
　　　　Name

_____
　　　　Street

_____

_____
　　　　City　　　　　　　　　　　State　　　　　ZIP Code

Debtor Divine Dining, LLC
     Name

Case number *(if known)* 18-32805-sgj11

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

**Name and address of the person who has possession of inventory records**

27.2.
_____
Name

_____
Street

_____

_____
City          State          ZIP Code

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Jordan J. Johnson | 1311 W. Airport Freeway Irving, TX 75062 | Member | 50% |
| Michael Mantas | 900 Dragon Street Dallas, TX 75207 | Member | 50% |
| Elizabeth C. Brandon | | Receiver pursuant to Agreed Order Appointing Receiver dated April 9, 2018 in Michael Mantas v. Jordan J. Johnson, et al, Cause No. 18-03705 and Jordan Johnson v. Divine Dining, LLC, et al., Cause No. 18-04074; 116 Judicial District Court, Dallas County, Texas | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | % of interest, if any | |
|---|---|---|---|---|
| | | | From _____ | To _____ |
| | | | From _____ | To _____ |
| | | | From _____ | To _____ |
| | | | From _____ | To _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. Jaclyn C. Johnson | $ 49,170.27 | 9/1/2017 thru 6/1/2018 | Wages |
| Name | | | |
| PO Box 630186 | | | |
| Street | | | |
| | | | |
| Irving      TX      75063 | | | |
| City     State     ZIP Code | | | |

**Relationship to debtor**

Wife of 50% Managing Partner, Jordan Johnson

Debtor  Divine Dining, LLC
_____
Name

Case number *(if known)*  18-32805-sgj11

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

30.2. _____
     Name

     _____
     Street

     _____
     City         State     ZIP Code

     **Relationship to debtor**

     _____

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

     Name of the parent corporation

     _____

     Employer Identification number of the parent corporation

     EIN: ___ ___ - ___ ___ ___ ___ ___ ___ ___

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

     Name of the pension fund

     _____

     Employer Identification number of the pension fund

     EIN: ___ ___ - ___ ___ ___ ___ ___ ___ ___

**Part 14:  Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty or perjury that the foregoing is true and correct.

Executed on:  10 /03 / 2018
               MM / DD / YYYY

X _____
    Signature of individual signing on behalf of the debtor

Printed Name   Jason Rae

Position or relationship to debtor   Trustee

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☐ Yes

**Divine Dining, LLC**                                                                                                 Case No:  18-32805-SGJ-11

Statement of Financial Affairs
Payment to Creditors
Exhibit 3

3.1  Payments on loans, installment purchases of goods or services or other debts.

| Payee | Address | Reason for Payment or Transfer | Payment Date | Amount | Amount Still Owing |
|---|---|---|---|---|---|
| Barnes & Thornburg, LLP | 2100 McKinney Ave, Dallas, TX 75201-1803 | Services | 6/7/2018 | $15,390.00 | |
| | | | 6/19/2018 | $13,435.38 | |
| | | | 7/16/2018 | $11,312.04 | |
| | | | 7/30/2018 | $11,312.03 | |
| | | | 8/14/2018 | $4,351.54 | |
| | | | 8/21/2018 | $2,295.00 | |
| | | | 8/27/2018 | $2,385.00 | |
| | | | | $60,480.99 | $0.00 |
| Basham Foods | 5409 Hemphill, Ft. Worth, TX 76115 | Suppliers or vendors | 5/31/2018 | $7,705.00 | |
| | | | 6/7/2018 | $7,143.10 | |
| | | | 6/13/2018 | $13,021.93 | |
| | | | 6/14/2018 | $5,425.65 | |
| | | | 6/15/2018 | $3,850.00 | |
| | | | 6/20/2018 | $4,583.18 | |
| | | | 6/25/2018 | $3,409.81 | |
| | | | 6/27/2018 | $3,951.15 | |
| | | | 7/2/2018 | $3,175.41 | |
| | | | 7/5/2018 | $4,653.53 | |
| | | | 7/9/2018 | $3,485.04 | |
| | | | 7/11/2018 | $4,496.77 | |
| | | | 7/16/2018 | $2,969.38 | |
| | | | 7/18/2018 | $5,004.20 | |
| | | | 7/23/2018 | $3,432.02 | |
| | | | 7/25/2018 | $4,251.18 | |
| | | | 7/30/2018 | $3,552.19 | |
| | | | 8/1/2018 | $4,551.30 | |
| | | | 8/6/2018 | $3,726.02 | |
| | | | 8/8/2018 | $3,824.04 | |
| | | | 8/13/2018 | $4,014.54 | |
| | | | 8/15/2018 | $4,070.56 | |
| | | | 8/20/2018 | $3,716.20 | |
| | | | 8/22/2018 | $4,576.32 | |
| | | | 8/27/2018 | $3,823.53 | |
| | | | | $116,412.05 | $0.00 |
| Cardona Foods | 850 Meacham Blvd., Fort Worth, TX 76106-1234 | Suppliers or vendors | 5/30/2018 | $3,204.90 | |
| | | | 6/18/2018 | $1,110.30 | |
| | | | 7/2/2018 | $1,653.90 | |
| | | | 7/17/2018 | $1,387.50 | |
| | | | 7/31/2018 | $1,355.10 | |
| | | | 8/14/2018 | $1,804.80 | |
| | | | | $10,516.50 | $2,544.00 |
| Culhane Meadows Haughian | 100 Crescent Ct, Ste 700, Dallas, TX 75201-1832 | Services | 8/22/2018 | $10,000.00 | |
| | | | 8/27/2018 | $15,000.00 | |
| | | | | $25,000.00 | $0.00 |

**Divine Dining, LLC**

Case No: **18-32805-SGJ-11**

**Statement of Financial Affairs**
**Payment to Creditors**
**Exhibit 3**

**3.1 Payments on loans, installment purchases of goods or services or other debts.**

| Payee | Address | Reason for Payment or Transfer | Payment Date | Amount | Amount Still Owing |
|---|---|---|---|---|---|
| Elementary Business Inc. | 4725 Fox Sedge Ln,  Denton, TX 76208 | Services | 6/5/2018 | $8,025.00 | |
| | | | 6/15/2018 | $6,100.00 | |
| | | | 7/18/2018 | $2,118.50 | |
| | | | 7/27/2018 | $2,118.75 | |
| | | | 8/9/2018 | $6,261.70 | |
| | | | 8/20/2018 | $3,787.50 | |
| | | | 8/21/2018 | $3,500.00 | |
| | | | | $31,911.45 | $0.00 |
| M. Enriquez | 1415 W Airport Frwy, Apt. 206, Irving, TX 75062 | Wages | 5/31/2018 | $1,121.29 | |
| | | | 6/14/2018 | $1,438.40 | |
| | | | 6/28/2018 | $1,379.46 | |
| | | | 7/12/2018 | $1,666.03 | |
| | | | 7/31/2018 | $1,745.56 | |
| | | | 8/14/2018 | $1,734.76 | |
| | | | | $9,085.50 | $0.00 |
| Payroll Taxes | | Taxes | 5/31/2018 | $3,429.38 | |
| | | | 6/14/2018 | $2,806.62 | |
| | | | 6/22/2018 | $9,174.74 | |
| | | | 6/28/2018 | $2,613.17 | |
| | | | 7/12/2018 | $2,446.65 | |
| | | | 7/19/2018 | $8,623.13 | |
| | | | 7/31/2018 | $2,640.64 | |
| | | | 8/14/2018 | $2,836.41 | |
| | | | 8/20/2018 | $8,634.54 | |
| | | | | $43,205.28 | $0.00 |
| TXU Energy | 6555 Sierra Drive, Room I S-25-A, Irving, TX 75039 | Suppliers or vendors | 6/12/2018 | $2,270.83 | |
| | | | 7/3/2018 | $2,394.65 | |
| | | | 8/13/2018 | $2,703.98 | |
| | | | | $7,369.46 | $0.00 |

**Divine Dining, LLC**

**Case No: 18-32805-SGJ-11**

Statement of Financial Affairs
Payment to Insiders
Exhibit 4

**4.1 Payments on loans, installment purchases of goods or services or other debts.**

| Payee | Address | Reason for Payment or Transfer | Payment Date | Amount | Amount Still Owing |
|---|---|---|---|---|---|
| Jaclyn C. Johnson | PO Box 630186, Irving, TX 75063 | Wages | 9/1/2017 | $2,536.83 | |
| | | | 9/15/2017 | $2,536.82 | |
| | | | 9/29/2017 | $2,536.82 | |
| | | | 10/13/2017 | $2,536.83 | |
| | | | 11/1/2017 | $2,536.82 | |
| | | | 11/15/2017 | $2,536.82 | |
| | | | 12/1/2017 | $2,536.82 | |
| | | | 12/15/2017 | $2,536.83 | |
| | | | 12/29/2017 | $2,536.81 | |
| | | | 1/12/2018 | $2,536.83 | |
| | | | 2/1/2018 | $2,644.66 | |
| | | | 2/15/2018 | $2,644.68 | |
| | | | 3/1/2018 | $2,644.67 | |
| | | | 3/15/2018 | $2,644.67 | |
| | | | 3/29/2018 | $2,644.67 | |
| | | | 4/13/2018 | $2,644.68 | |
| | | | 5/1/2018 | $2,644.67 | |
| | | | 5/15/2018 | $2,644.67 | |
| | | | 6/1/2018 | $2,644.67 | |
| | | | | $49,170.27 | $0.00 |