# EXHIBIT A

Joe E. Marshall
Texas Bar No. 13031100
MARSHALL LAW
3131 McKinney Ave., Ste. 600
Dallas, Texas 75204
Telephone: (214) 579-9173
jmarshall@marshalllaw.net

**ATTORNEY FOR
JASON RAE, CHAPTER 11 TRUSTEE**

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** § | | |
| § | **Case No.  18-32805-SGJ-11** | |
| **DIVINE DINING, LLC,** § | | |
| § | **Chapter 11** | |
| **DEBTOR.** § | | |
| § | | |

## NOTICE OF AUCTION AND SALE

**PLEASE READ THIS NOTICE CAREFULLY AS YOUR RIGHTS
WILL BE AFFECTED AS SET FORTH HEREIN.**

On August 27, 2018, Divine Dining, LLC (the "**Debtor**") filed a voluntary petition under Chapter 11 of the United States Code (the "**Bankruptcy Code**") commencing Bankruptcy No. 18-32805-11 (the "**Bankruptcy Case**") in the Dallas Division of the United Stated Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**"). Jason Rae has been appointed as the Chapter 11 Trustee for the Debtor's estate and is authorized to operate and manage the Debtor's assets.

On December 12, 2018, the Trustee filed his *Motion to Approve (A) Sale and Assignment Procedures and Bid Protections in Connection with Sale of Assets and Assumption and Assignment of Executory Contracts and Unexpired Leases; (B) Notice Procedures and Setting Date for Auction and Sale Hearing, and (C) Sale of Assets Free and Clear of all Liens, Claims and Interests, and (D) Other Related Relief  [Docket No. ___]* (the "**Sale Motion**") seeking initial approval of (i) procedures for the submission of bids and an auction to sell all or substantially all of the estate's assets and the assumption and assignment of unexpired leases and executory contracts, and (ii) approval of the proposed "Stalking Horse Bidder" and a break-up fee.  Through this sale process, the Trustee seeks the highest and best offer for the sale of certain of the estate's assets free and

clear of any and all liens, claims, rights, interests, and encumbrances in accordance with Section 363(f) of the Bankruptcy Code and the assumption and assignment of certain executory contracts related to the operation of the business pursuant to Section 365 of the Bankruptcy Code. The sale process is subject to, and all offers must be in accordance with, the sale procedures approved by the Bankruptcy Court, which are attached hereto as **EXHIBIT "1"** (the "**Sale Procedures**").

On January __, 2019, the Bankruptcy Court entered its *Order Approving (A) Sale and Assignment Procedures and Bid Protections in Connection with Sale of Assets and Assignment of Executory Contracts and Unexpired Leases; (B) Notice Procedures and Setting Date for Auction and Sale Hearing; and (C) Other Related Relief* [Docket No. ___](the "**Sale Procedures Order**") in which it, among other things, (a) approved the Sale Procedures and the form and manner of notice of the Auction and Sale and the applicable dates and deadlines, and (b) established procedures for objecting to, and determining cure amounts in connection with, the assumption of executory contracts and unexpired leases and the approval of the sale free and clear of all liens, interests, claims and encumbrances, and (c) granted other relief.

Any party desiring to make an offer to purchase the assets identified in the Sale Procedures (the "**Divine Dining Assets**") and any party objecting to any such sale, and the assumption and assignment of certain designated executory contracts and leases (the "**Restaurant Contracts**"), must comply with the Sale Procedures and the deadlines set forth herein as well as the Sale Procedures Order.

In the event the Trustee receives one or more timely and conforming Qualified Bids by the Bid Deadline, the Trustee shall conduct an Auction for the sale of the Divine Dining Assets at the time and location set forth in the Sale Procedures, or at such other location as may be timely disclosed by the Trustee to Qualified Bidders, which Auction shall commence on **January 28, 2018, at 10:00 a.m**., Central Daylight Time (the "**Auction Date**").

Creditors or Parties filing any objections or other pleadings required under, or related to, this Notice, the Sale Motion and/or the Sale Procedures must serve a copy of such objection or pleading on the following parties (collectively, the "**Notice Parties**"):

(a) Jason Rae, Chapter 11 Trustee
Lain, Faulkner & Co., P.C.
400 N. St. Paul Street, Suite 600
Dallas, Texas 75201
Jrae@lainfaulkner.com

(b) Joe Marshall
Marshall Law
3131 McKinney Ave., Suite 600
Dallas, Texas 75204
Jmarshall@marshalllaw.net

(c) Office of the United States Trustee
c/o Stephen McKitt
1100 Commerce Street, Room 976
Dallas, Texas 75242
Stephen.McKitt@usdoj.gov

(d) Mark Stromberg
Stromberg Strock
8750 North Central Expressway
Suite 625
Dallas, TX 75231
Mark@StrombergStrock.com

The Restaurant Contracts to be assumed and assigned under the proposed sale are identified on Exhibit B to the Sale Motion along with the maximum amount necessary for the Successful Bidder to pay to cure all existing prepetition defaults under the applicable contract ("**Cure Claims**"). Any party to a Restaurant Contract (including the Franchisor and the Landlord) are required to file any objections to the Cure Claims on or before **January 17, 2018** ("**Cure Claim Objection Deadline**") and serve a copy on the Notice Parties. Any party to a Restaurant Contract who fails to file a timely objection to the Cure Claims prior to the Cure Claim Objection shall be forever barred from contesting the amount of the Cure Claim as the maximum amount due and owing to cure all prepetition defaults.[1]

The Sale Hearing is currently scheduled for **February \_\_, 2019 at \_\_\_\_ p.m.** before the Honorable Stacey G. C. Jernigan, United States Bankruptcy Judge, in Courtroom #1 on the 14th Floor of the Earl Cabell Federal Building, 1100 Commerce St., Dallas, Texas 75242 at which the Trustee will request the Bankruptcy Court to approve the sale of the Divine Dining Assets and assumption and assignment of all designated Restaurant Contracts to the Successful Bidder. The Sale Hearing may be adjourned or rescheduled as ordered by the Bankruptcy Court or by the Trustee with the approval of the Successful Bidder and without further notice to creditors and parties in interest other than by announcement by the Trustee of the adjourned date at the Sale Hearing.

Objections, if any, to the proposed sale of the Divine Dining Assets and the assumption and assignment of the Restaurant Contracts to the Successful Bidder shall be filed with the Bankruptcy Court no later than **February 5, 2018**, or such other date approved by the Bankruptcy Court (the "**Sale Objection Deadline**") and a copy of such objection must be served on the Notice Parties. Any person failing to timely file an objection to the sale or the assumption and assignment of the Restaurant Contracts prior to the Sale Objection Deadline shall be forever

---

[1] The Trustee's proposed Cure Claims in Exhibit B to the Sale Motion represents the maximum amount to be paid to cure all prepetition defaults and is without waiver of the Trustee's right to object to such claims.

barred from objecting to the sale of the Divine Dining Assets free and clear of any and all liens, claims, interests and encumbrances and the assumption and assignment of the Restaurant Contracts to the Successful Bidder.

Dated: January __, 2018 Respectfully submitted,

                                                    */s/ Joe E. Marshall*
Joe E. Marshall
Texas State Bar No. 13031100
Marshall Law
3131 McKinney Ave., Suite 600
Dallas, Texas 75204
(214) 579-9173
Jmarshall@marshalllaw.net

Attorney for Jason Rae,
Chapter 11 Trustee