IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 18-32805-SGJ-11 |
| DIVINE DINING, LLC, | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |
| | § | |

**ORDER (A) APPROVING SALE AND ASSIGNMENT PROCEDURES AND BID PROTECTIONS IN CONNECTION WITH SALE AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (B) NOTICE PROCEDURES AND SETTING DATE FOR AUCTION AND SALE HEARING, AND (C) OTHER RELATED RELIEF**

CAME ON FOR CONSIDERATION the *Motion to Approve (A) Sale and Assignment Procedures and Bid Protections in Connection with Sale of Assets and Assumption and Assignment of Executory Contracts and Unexpired Leases; (B) Notice Procedures and Setting Date for Auction and Sale Hearing, (C) the Sale of Assets Free and Clear of all Liens, Claims and Interests, and (D) Related Relief* (the "**Sale Motion**") filed by Jason Rae, the duly appointed Chapter 11 trustee ("**Trustee**") of the bankruptcy estate of Divine Dining, LLC (the "**Debtor**"); and the Court, having considered the pleadings, record in the case and evidence and arguments presented at the initial

hearing on the Sale Motion, hereby finds as follows:

A. The Court has jurisdiction to consider the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Sale Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

B. Notice of the Sale Motion, including the proposed sale procedures, break-up fee and stalking horse bid protections, was reasonable and sufficient in light of the circumstances and nature of the relief requested therein, and no other or further notice is necessary for purposes of the relief granted in this Order ("**Sale Procedures Order**").[1] A reasonable and fair opportunity to object to the Sale Motion and the relief granted in this Sale Procedures Order has been afforded.

C. The legal and factual bases set forth in the Sale Motion establish just cause for the initial relief granted herein. Granting the relief is in the best interests of the estate and all creditors.

D. The Trustee has articulated good and sufficient reasons for this Court to grant the Sale Motion as it relates to the proposed sale procedures, break-up fee and bid protections for the stalking horse bidder and to approve the final form of the Sale Notice attached hereto as **Exhibit A**, and the Sale Procedures attached hereto as **Exhibit A-1**.

E. The filing and service of this Sale Procedures Order and Sale Notice as directed herein provides due, adequate and timely notice of the Sale Procedures and Auction and general sale process for the Divine Dining Assets free and clear of all liens, claims, interests and encumbrances and the assumption and assignment of the Restaurant Contracts in accordance with Bankruptcy Rules 2002 and 6006, and the applicable provisions of the Bankruptcy Code.

F. The Sale Procedures are reasonable and appropriate and are designed to maximize

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the attached Sale Notice and Sale Procedures.

the value of the estate's assets.

G. The Trustee has demonstrated compelling and sound business justification for the Sale Procedures.

H. This Order and the Sale Procedures were proposed by the Trustee without collusion and in good faith.

I. The Break-Up Fee is (1) an actual and necessary cost of preserving the estate within the meaning of section 503(b) of the Bankruptcy Code, (2) commensurate to the real and substantial benefit conferred upon the estate by the Stalking Horse Bidder, (3) reasonable and appropriate in light of, among other things (a) the size and nature of the Sale and comparable transactions, (b) the substantial efforts that have been and will be expended by the Stalking Horse Bidder, (c) the benefits the Stalking Horse Bidder has provided or will provide to the estate, its creditors, and other parties in interest, and (d) necessary to induce the Stalking Horse Bidder to serve as the "stalking horse" bidder and to continue to pursue the Sale on such favorable terms. The grant, allowance and payment of the Break-Up Fee are in the best interest of the estate and creditors. The Break-Up Fee induced the Stalking Horse Bidder to submit the bid that serves as the minimum floor on which the Trustee and creditors may rely. It is more probable than not that the Stalking Horse Bidder will provide a material benefit to the estate and its creditors by increasing the likelihood that the best possible price for the Divine Dining Assets will be received.

J. The payment of the Break-Up Fee under the terms and conditions set forth in the Sale Procedures should be approved because, among other things: (1) the Break-Up Fee is a material inducement for, and express condition of, the Stalking Horse Bidder's willingness to enter into an acceptable Sale, and (2) assurance to the Stalking Horse Bidder of payment of the Break-

Up Fee will induce the Stalking Horse Bidder to continue and complete the sale despite any competitive bidding. Thus, it is more probable then not that a Stalking Horse Bidder will provide a material and substantial benefit to the estate and its creditors, and other parties in interest by increasing the likelihood that the price at which the Sale may be effectuated will reflect the Divine Dining Assets' true value. Accordingly, the Sale Procedures and the Break-Up Fee are fair, reasonable, and appropriate, and represent the best method for maximizing value for the benefit of the estate and its creditors.

K.  The Sale Procedures are fair, reasonable, and appropriate, and represent the best method for maximizing value for the benefit of the estate; and the implementation of the Sale Procedures is both reasonable and necessary to induce bona fide third parties into a sale transaction to obtain the highest price possible for the Divine Dining Assets.

**THEREFORE, IT IS ORDERED THAT**:

1. The Sale Motion shall be and is hereby **GRANTED** as it relates to the proposed Sale Procedures and the designation of the Stalking Horse Bidder and approval of the Break-up Fee.

2. Any objections to the proposed Sale Procedures and the break-up fee are overruled in their entirety.

3. Both the Sale Notice attached hereto as **Exhibit A**, and the Sale Procedures attached hereto as **Exhibit A-1**, are hereby approved and incorporated in this Sale Procedures Order for all purposes, including, without limitation, the objections deadlines set forth therein. Within three (3) business days after the entry of this Sale Procedures Order, the Trustee shall serve this Sale Procedures Order along with the Sale Notice and exhibits thereto by (a) first class United States

mail, postage prepaid on (i) the parties identified upon the Master Creditor Matrix for this Bankruptcy Case (who do not receive electronic notice) at the addresses set forth therein, (ii) the parties who have filed a Notice of Appearance in this Bankruptcy Case at the addresses set forth in the respective filing, and (iii) any other parties who have expressed an interest in acquiring any of the estate's assets; and (b) the Court's ECF notification system upon those parties receiving electronic notice by such system.

4. The Sale Notice and Sale Procedures are hereby deemed to be proper, due, timely, good, and sufficient notice to all interested parties of (a) the entry of this Sale Procedures Order, (b) the Sale Procedures, (c) the Auction and proposed Sale of the Divine Dining Assets, (d) the deadline to object to the consummation of the Sale, (e) the designation of the Restaurant Contracts which the Trustee intends to assume and assign pursuant to 11 U.S.C. § 365 and the deadline to object same, (f) the Cure Amounts and the deadline to object to same, and (g) the Sale Hearing. No other or further notice is necessary.

5. The procedures, dates and deadlines set forth in the Sale Notice and Sale Procedures are approved and incorporated herein for all purposes and shall be implemented and enforced with respect to the Sale. Any creditor or party to a Restaurant Contract intending to object to (i) a Cure Amount set forth in **Exhibit B** hereto, (ii) the assumption and assignment of a Restaurant Contract to the Successful Bidder, and/or (iii) the Sale of the Divine Dining Assets to the Successful Bidder free and clear of all liens, claims, interests, and encumbrances, shall refer to, and comply with, the requirements and deadlines for such objections set forth in the Sale Notice and Sale Procedures. The failure of any party to timely file such objections and comply with these approved procedures will result in the party's waiver of right to contest the final relief sought by the Trustee in the Sale

Motion.

6.  If any Qualified Bidder designates another executory contract or lease for assumption and assignment as part of the Sale, in addition to the Lease and Franchise Agreement identified on **Exhibit B**, the Trustee is authorized to file and serve an additional notice to the counterparty to such contract and all other creditors and parties in interest identifying the contract and proposed cure amount in a manner that provides sufficient notice and opportunity to assert all applicable objections at or prior to the Sale Hearing and the Trustee shall use commercially reasonable efforts to effectuate the assumption and assignment of such additional Restaurant Contract in accordance with the Bankruptcy Code and Bankruptcy Rules.

7.  The process for submitting Qualified Bids (as defined in the Sale Procedures) is fair, reasonable, and appropriate and is designed to maximize recoveries for the benefit of the estate, its creditors, and other parties in interest. The Trustee may proceed with the Sale in accordance with the Sale Procedures attached hereto as **Exhibit A-1.**

8.  The Stalking Horse Bid set forth in the Purchase Agreement attached as **Exhibit A-2** hereto, shall be deemed an acceptable bid for the Divine Dining Assets subject to higher and better offers and Court approval at the Sale Hearing, and the Stalking Horse Bidder shall be entitled to the Bidding Protections, including, without limitation, the Break-Up Fee.

9.  The Break-Up Fee shall be an obligation of the estate, shall be paid when due, and shall be payable as an allowed administrative expense pursuant to section 503(b) of the Bankruptcy Code. The Trustee is authorized and directed to pay the Break-Up Fee, in cash, at closing or promptly thereafter from the sale proceeds in accordance with the Purchase Agreement and this Sale Procedures Order. The Break-Up Fee shall be paid without need for any further motion,

application, notice, approval or order of the Court.

10. No person or entity, other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, break-up fee, "topping," termination, or similar fee or payment.

11. Any party desiring to submit a bid for the Divine Dining Assets shall comply with the Sale Procedures and shall deliver a Qualified Bid in writing to Jason Rae, Chapter 11 Trustee, 400 N. St. Paul Street, Suite 600, Dallas, TX 75201, such that (a) the bid is actually received not later than the Bid Deadline set forth in the Sale Procedures, and (b) the bid complies with the requirements set forth in the Sale Procedures.

12. In the event the Trustee receives one or more timely and conforming Qualified Bids by the Bid Deadline, the Trustee shall conduct an Auction for the sale of the Divine Dining Assets at the time and location set forth in the Sale Procedures.

13. The hearing to consider the Sale shall be on **February __, 2019, at _____ p.m**., Central Daylight Time (the "**Sale Hearing**") before the Honorable Stacey G.C. Jernigan, Courtroom #1 on the 14th Floor of the Earl Cabell Federal Building, 1100 Commerce St., Dallas, Texas 75242.

14. At the Sale Hearing, the Court will consider approval of any Sale, the assumption and assignment of any designated executory contracts and leases, including the Restaurant Contracts, and the proposed purchase agreement with the Successful Bidder. Upon closing of the Sale, all net sale proceeds shall be deposited into an account maintained by the Trustee for the benefit of the estate, and any and all valid prepetition liens and/or security interests against the Divine Dining Assets shall attach to such sale proceeds in the same priority as they attached against the Divine Dining Assets except for any liens and security interests related to obligations assumed

by the Successful Bidder or as otherwise ordered by the Court. The sale proceeds shall only be released upon further order of the Bankruptcy Court; provided, however, that the Trustee is hereby authorized without further order or consents to return deposits to unsuccessful bidders in accordance with the Sale Procedures and to pay the normal and necessary expenses of maintaining or operating any remaining assets of the Debtor and to administer the bankruptcy estate.

15. The terms of this Sale Procedures Order shall control to the extent of any conflict with any document attached hereto. Except for the Bidding Protections and the Break-Up Fee approved herein, nothing in this Sale Procedures Order shall constitute the approval of any final Sale or purchase agreement.

16. This Sale Procedures Order shall become effective immediately upon its entry.

17. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Sale Procedures Order.

18. The fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) is hereby waived in relation to this Sale Procedures Order and the relief afforded herein.

### ### END OF ORDER ###

Submitted by:

Joe E. Marshall
Texas Bar No. 13031100
Marshall Law
3131 McKinney Ave., Suite 600
Dallas, TX 75204
(214) 579-9173
jmarshall@marshalllaw.net

Attorney for Jason Rae,
Chapter 11 Trustee