Joe E. Marshall
Texas Bar No. 13031100
MARSHALL LAW
3131 McKinney Ave., Ste. 600
Dallas, Texas 75204
Telephone: (214) 579-9173
jmarshall@marshalllaw.net

**ATTORNEY FOR
JASON RAE, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 18-32805-SGJ-11 |
| DIVINE DINING, LLC, | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |
| | § | |

**AGREED MOTION TO EXTEND TIME TO ASSUME OR REJECT
UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASE
PURSUANT TO 11 U.S.C. § 365(d)(4)(B)**

**TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:**

COMES NOW Jason Rae, the duly appointed Chapter 11 trustee (the "**Trustee**") in the above-captioned case (the "**Bankruptcy Case**"), and files this *Agreed Motion to Extend Time to Assume or Reject Unexpired Nonresidential Real Property Lease Pursuant to 11 U.S.C. § 365(d)(4)(B)* (the "**Motion**") and in support thereof would respectfully show the following:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(N) and (O).

2. On August 27, 2018 (the "**Petition Date**"), Divine Dining, LLC (the "**Debtor**")[1]

---
[1] The voluntary petition was filed by the receiver appointed in Cause No. 18-03705/18-04074 by agreement among the Debtor's owners, landlord and franchisor.

commenced this Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "**Bankruptcy Code**").

3. On August 31, 2018, the Court entered its Order for Appointment of a Chapter 11 Trustee in the Bankruptcy Case. The U.S. Trustee thereafter appointed Jason Rae to act in that capacity and the Court approved the appointment. The Trustee is authorized to manage and operate the Debtor's business and assets.

4. The Debtor's principal place of business is located at 1311 W. Airport Freeway, Irving, Texas, subject to a nonresidential real property lease dated November 30, 2011 between the Debtor as tenant and Adelphi Group, Ltd., a Texas limited partnership, as landlord (the "**Landlord**") (the lease, together with all amendments and addendums thereto are collectively referred to herein as the "**Lease**"). The Debtor is also a party to that certain Franchise Agreement dated October 4, 2011 ("**Franchise Agreement**") under which it operates the business as a Taco Casa franchisee.

5. The Trustee has been in negotiations with a potential purchaser for essentially all of the assets and operations of the Debtor and has now secured the purchaser's commitment to a sale process under which it will act as the "stalking horse" bidder subject to this Court's approval. The agreements have been executed and the Trustee filed the pleadings last week and initiated the sale process.

6. The assumption and assignment of the Lease and the Franchise Agreement are required conditions to the Trustee's agreements with the proposed purchaser. Accordingly, it is critical for the estate to preserve the right to assume and assign these agreements pursuant to Section 365 as part of a Court approved sale. Assumption of the Lease at this stage of the Bankruptcy Case would expose the estate to significant administrative costs without the assurance

of a successful sale of assets or confirmation of a plan. However, the Trustee must be able to preserve the continued right to assume and assign the Lease to proceed with the sale process as contemplated and maintain the value of the business as a going concern.

7. Pursuant to 11 U.S.C. § 365(d)(4)(A), the Lease will be deemed rejected if not assumed by the Trustee on or before 120 days after the Petition Date, which deadline falls on December 25, 2018. The Court may extend the 120-day deadline for cause pursuant to Section 365(d)(4)(B). By this Motion, the Trustee is requesting the 90-day extension of the deadline as contemplated under Section 365(d)(4)(B).

8. The Trustee asserts that cause exists under the circumstances in order to preserve the estate's interest in the Lease and the value of the ongoing operations to complete the contemplated sale process. The proposed sale process is the Trustee's best option at this point for realizing the maximum value of the estate for the benefit of all creditors.

9. The Trustee has maintained lease payments to the Landlord on reduced amounts pursuant to an interim agreement between the parties. However, in light of current operations and profitability, the Trustee has committed to begin full rent payments beginning in January 2019. The Landlord has also been included in discussions involving the sale of the estate's assets and recognizes the potential value to all parties of preserving the Lease. Accordingly, the Landlord consents to the 90-day extension as requested by the Trustee.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order granting the relief requested herein and extending the deadline for assumption or rejection of the Lease pursuant to Section 365(d)(4)(B) for an additional 90 days; and that the Court grant such other relief, both at law and in equity, to which the Trustee may be justly entitled.

Dated: December 19, 2018.                    Respectfully submitted,

                                                          */s/ Joe E. Marshall*
                                                          Joe E. Marshall
                                                          Texas State Bar No. 13031100
                                                          Marshall Law
                                                          3131 McKinney Ave., Suite 600
                                                          Dallas, Texas 75204
                                                          (214) 579-9173
                                                          Jmarshall@marshalllaw.net

                                                          Attorney for Jason Rae,
                                                          Chapter 11 Trustee

### CERTIFICATE OF SERVICE

      The undersigned certifies that, on December 19, 2018, a true and correct copy of the foregoing Motion was served on all parties listed on the attached service list by first-class mail, postage prepaid, and via the Court's CM/ECF system upon any additional parties accepting such service.

                                                          */s/ Joe E. Marshall*
                                                          Joe E. Marshall